THOMAS H. McCAGUE, RECEIVER OF THE GERMAN SAVINGS BANK OF OMAHA, APPELLEE, V. ALBERT MILLER ET AL., APPELLANTS.

FILED SEPTEMBER 23, 1898. No. 9878.

Municipal Corporations: WIDTH OF STREETS: EVIDENCE: REVIEW. The owners of real estate situated within the corporate limits of a city subdivided and platted the same. On the recorded plat, L street, which the public authorities had previously undertaken to establish, was indicated as being 66 feet wide, and the surveyor's certificate, in effect, declared that to be its width. The owners of the subdivision built houses on said street as shown on the plat, and along the same constructed a sidewalk, of which the general public enjoyed the unhindered use. They also mortgaged some of the lots, and represented to the mortgagee, as an inducement to make the loan, that such lots were located on L street. *Held*, That the finding of the trial court that L street is a thoroughfare 66 feet wide was warranted by the evidence, and should be sustained.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed*.

*Byron G. Burbank* and *Virgil O. Strickler*, for appellants.

*Ralph W. Breckenridge*, contra.

SULLIVAN, J.

In 1881 James C. Ish, a minor, became the owner of tax lot 57 in the city of Omaha. In 1890 his guardian conveyed the property to Charles C. Spotswood, who

afterwards conveyed it to Orrin R. Cain, in trust for a partnership composed of William G. Bohn, Renfrew Stevenson, and Charles C. Spotswood. In both deeds the property was described by metes and bounds as follows: "Beginning at a point 2,450⅔ feet north of the southwest corner of the southwest quarter of section ten in township 15 north of range 13 east of the 5th principal meridian, and running thence east 920 feet; thence north 189⅔ feet to the north line of said quarter section; thence west 920 feet; thence south 189⅔ feet, more or less, to the place of beginning, containing 4 acres of land including streets, be the same more or less, subject to all lawful streets along and upon the same." In September, 1890, the partnership aforesaid caused a plat of the premises to be made, acknowledged, and recorded in the office of the register of deeds for Douglas county. The acknowledgment of Cain attached to the plat is as follows: "Orrin R. Cain, the owner and proprietor of Cain Place, which is located as follows: Beginning at a point 33 feet east and 33 feet south of the southwest corner of the northwest quarter of section 10, T. 15, R. 13 E.; thence east 887 feet; thence south 156.75 feet; thence west 887 feet; thence north 156.75 feet to the place of beginning, —do hereby state and admit that the survey and subdivision of said land as shown within the red lines on the above plat is made in accordance with his wish and desire, and he hereby dedicates to the public, for their use, the alleys shown on said plat, and hereby ratify and approve the same." Within the red lines mentioned in the acknowledgment is included all the land described in the guardian's deed to Spotswood and in the deed from Spotswood to Cain, excepting only 33 feet on the west side, which is conceded to be a part of Twenty-fourth street, and 33 feet on the north side, which plaintiff contends is part of Locust street. Kountze Place, lying immediately north of tax lot 57, was surveyed and platted in 1886, and on the plat a strip 33 feet wide adjoining said tax lot was designated as "Locust street,"

and dedicated to the public use. In the summer of 1891 the partnership before mentioned completed the erection of eighteen dwelling-houses in Cain Place and constructed a sidewalk in front of the same. This sidewalk was laid just outside the northern boundary of Cain Place and has been in general use by the public ever since it was built. In March, 1891, to secure the payment of a large sum of money borrowed of the German Savings Bank, the partnership caused mortgages to be executed to said bank covering eight lots in Cain Place. These lots were described in the mortgages by metes and bounds, the northern boundary in each case being coincident with the northern boundary of Cain Place as described in the recorded plat. The mortgages were afterwards foreclosed and the bank became the purchaser at the foreclosure sale. The plaintiff is the duly constituted receiver of said bank and, acting in that capacity, commenced this action to enjoin the defendants from asserting title to and obstructing travel along the south half of Locust street in front of Cain Place. The defendants insist that the *locus in quo* is not a public street, and that they have succeeded to, and now hold, the title formerly held by Cain and the partnership. The trial court found the issues in favor of the plaintiff, and from a judgment rendered against them the defendants have appealed to this court.

Among other things the trial court found that there had been a statutory dedication of the disputed strip by the legal and equitable owners thereof, and, in response to the claim of plaintiff that the facts proven established a common-law dedication, the court also made the following finding: "That the use of the strip of land 33 feet in width immediately to the south of and adjoining the lots in Cain Place by the public for street purposes from the completion of the houses erected in Cain Place in June, 1891, to August, 1897, without hindrance from the defendants or from those who claimed title, is a dedication by them of the same as a street." Counsel for defendants

contend that the evidence does not warrant a finding that there was either a common-law or statutory dedication. We think it does. It appears from the printed abstract that in 1886, after Kountze Place had been platted, the proper authorities of the city of Omaha, in order to give Locust street a width of 66 feet from Twentieth street to Twenty-fourth street, instituted and carried to a conclusion proceedings condemning the north 33 feet of tax lot 57. Whether these proceedings were regular and valid we do not decide, but it is evident that Cain and the partnership considered them valid at the time Cain Place was platted, for on the plat they represented Locust street as being of full width.

But it is argued that the failure to include the disputed strip within the red lines evinces a clear intention on the part of the dedicators not to devote it to the use of the public as a highway. The transaction is susceptible of a more reasonable construction. It seems to us that the plat was executed on the assumption that Twenty-fourth street and Locust street had been previously established and that, therefore, a formal dedication assuming to give to the public an easement which it already possessed would be both unnecessary and incongruous. Each of these streets was distinctly marked on the plat of Cain Place as being 66 feet wide and the surveyor certified that the property surrounding Cain Place was as represented on the plat. This certainly was a deliberate and unequivocal recognition and affirmation of the existence of Locust street as a thoroughfare 66 feet wide. The plat did not assume to grant title to the streets shown thereon, but rather to ratify and confirm a pre-existing title. It possessed the essential elements of an express dedication of those streets, and should be given effect according to its obvious import. (*Great N. R. Co. v. City of St. Paul*, 61 Minn. 1; *Gilbert v. Emerson*, 60 Minn. 62; *City of St. Louis v. Missouri P. R. Co.*, 114 Mo. 13; *City of Indianapolis v. Kingsbury*, 101 Ind. 200, 51 Am. Rep. 749; *City of Denver v. Clements*, 3 Colo. 472.)

That we have not misinterpreted the plat, nor failed to comprehend the meaning of Cain and his associates in making it, is evidenced by the fact that in each of the eight applications made by them to the German Savings Bank for the loans on the lots here in question they represented that those lots were situated on Locust street. It seems, however, that the city has never improved, nor exercised any dominion over, the south half of Locust street, and that the partnership on numerous occasions assumed to mortgage and sell portions of the same. It also appears that the city council in January, 1893, passed an ordinance to vacate said street between Twentieth street and Twenty-fourth street; that soon afterwards proceedings were commenced to re-establish the portion of the street vacated; that damage amounting to $8,195 was assessed in favor of the partnership; that the German Savings Bank claimed the full amount of this award under its mortgages; and that the city thereupon abandoned the proceedings and repealed the ordinance under which the assessment had been made. It is now insisted that these facts show that there was neither a dedication of the south half of Locust street by the owners of Cain Place nor an acceptance of such street by the city. The facts stated afford an inference against a common-law dedication, but they are not decisive, and we cannot say that the finding of the trial court upon that question is not sustained by sufficient evidence. The judgment is

AFFIRMED.