# STATE v. OSCAR TAUBERT.[1]

July 10, 1914.

Nos. 18,726—(11).

**Constitution — city ordinance valid.**

   The ordinance of the city of Minneapolis permitting tanneries already in existence to continue in operation, but providing that no tannery shall be established thereafter without first obtaining permission therefor from the city council, does not transgress the equality provisions of the Fourteenth amendment to the Federal Constitution.

From a judgment of the district court for Hennepin county, Montgomery, J., convicting him of a violation of the ordinance of the city of Minneapolis, and from an order denying him a new trial, defendant appealed. Affirmed.

*George B. Leonard* and *M. Rose,* for appellant.

*Daniel Fish,* City Attorney and *W. G. Compton,* Assistant City Attorney, for respondent.

TAYLOR, C.

Defendant was convicted of maintaining a tannery in the city of Minneapolis without having obtained permission therefor from the city council. The ordinance under which he was convicted provides: "No person * * * shall hereafter erect, keep or maintain within the limits of the city of Minneapolis any * * * tannery * * * unless such person * * * shall have obtained permission from the city council of the city of Minneapolis authorizing the same: * * * provided that this ordinance shall not apply to any building or structure in the city of Minneapolis already used and occupied by any person" for such purpose. Defendant attacks the validity of the ordinance on the ground that it draws an arbitrary line between tanneries already established and those sought to be established in the future, and thereby violates the constitutional

[1] Reported in 148 N. W. 281.

provision that no person shall be denied the equal protection of the laws. He apparently assumes that the ordinance permits those persons already engaged in the tannery business to continue therein, but prohibits all others from engaging in such business, and contends that such a classification is arbitrary and void.

To regulate the establishment and operation of tanneries, and to provide for excluding them from localities where they would constitute a public nuisance, is a proper exercise of the police power. The business is of a nature likely to impair the health and comfort of the public and to become extremely offensive in populous or residential districts. To guard against the carrying on of such business at improper places or in an unnecessarily offensive manner, the city may require that no person shall establish or operate a tannery within such city, without first obtaining permission therefor from the city council. The varying circumstances and conditions to be taken into account cannot be accurately anticipated in advance, and uniform and unvarying restrictions previously prescribed are liable to prove inadequate or inapplicable. Fischer v. St. Louis, 194 U. S. 361, 24 Sup. Ct. 673, 48 L. ed. 1018; City of St. Louis v. Fischer, 167 Mo. 654, 67 S. W. 872, 64 L.R.A. 679, 99 Am. St. 614; Inhabitants of Quincy v. Kennard, 151 Mass. 563, 24 N. E. 860; City of St. Paul v. Smith, 25 Minn. 372.

Ordinances as well as statutes are presumed to be valid, and are not to be set aside by the courts unless their invalidity is clear. The ordinance in question permits established tanneries to remain in operation, and does not prohibit the establishing of new tanneries. But as a condition precedent to the right to establish a new tannery, permission therefor must be obtained from the city council. In the absence of anything to indicate the contrary, it must be assumed that the council will grant such permission in a proper case. We cannot assume that any person who desires to establish and operate such business at a place and in a manner not unduly detrimental to the public will be denied such privilege. Defendant concedes that the regulations prescribed are within the power of the council and would be valid if tanneries already in operation were not excepted from the provisions of the ordinance. These establishments being

already in existence, their location and manner of operation was already known, and a formal application was not necessary to advise the council as to such facts. All reasonable intendments must be made in favor of the validity of the ordinance. It may properly be construed as granting permission to maintain tanneries already in existence, and as providing the manner in which the privilege of establishing others may be secured. We cannot hold that it transgresses the constitutional provisions invoked by defendant. The judgment and order appealed from are affirmed.