**Timothy D. KLEVEN,**
**Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC**
**SAFETY, Respondent.**

No. CX–86–1170.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Michael G. Singer, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, M. Jacqueline Regis, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and LESLIE, JJ.

## OPINION

LANSING, Judge.

The Commissioner of Public Safety revoked Timothy Kleven's driver's license for failure to submit to chemical testing under the implied consent law. Kleven did not request judicial review within 30 days of the order of revocation, Minn.Stat. § 169.-123, subd. 5c (1984), but four months after the revocation requested administrative review under Minn.Stat. § 169.123, subd. 5b (1984). The Commissioner sustained the revocation and Kleven petitioned the district court for judicial review of the administrative decision. The court dismissed his petition, and Kleven appeals. We affirm.

## FACTS

Timothy Kleven was the driver of a motor vehicle involved in a personal injury accident on September 21, 1985. He was transported by ambulance to a hospital for treatment of head injuries. While at the hospital, a state trooper read Kleven the implied consent advisory. Kleven stated he understood the advisory, but refused to submit to testing because he did not believe he had consumed enough alcohol. The trooper served Kleven with a notice and order of revocation on September 21, 1985. *See* Minn.Stat. § 169.123 (1984).

On December 10, 1985, Kleven applied for and was granted a limited license for work purposes for the remainder of the revocation period. On January 27, 1986, Kleven requested administrative review of the revocation on the grounds that he was incapable of refusing to take a test because of his injuries. Kleven and his attorney presented medical records and oral argu-

ment at the administrative review hearing. The Commissioner's designee found Kleven's refusal to take the test was not based on reasonable grounds and denied his petition. Kleven petitioned for judicial review of the administrative order.

The trial court concluded that Kleven was not entitled to review because Minn. Stat. § 171.19 (1984) does not provide for judicial review of an implied consent revocation, and Kleven failed to pursue the judicial review available in Minn.Stat. § 169.123, subd. 5c, within 30 days of his revocation. Kleven appeals the trial court's order dismissing his petition.

## ISSUE

Is appellant entitled to judicial review of the administrative review procedure provided in Minn.Stat. § 169.123, subd. 5b (1984)?

## ANALYSIS

The administrative review procedure in subdivision 5b was added to Minn.Stat. § 169.123 during the 1982 legislative session. 1982 Minn.Laws ch. 423, § 9. The subdivision did not affect the existing right for review of license revocations in the state's courts, but added the administrative review procedure as part of a series of amendments which reduced the time lapse between an implied consent violation and the license revocation. *Heddan v. Dirkswager*, 336 N.W.2d 54, 57 (Minn.1983). The administrative review section provides:

At any time during a period of revocation imposed under this section a person may request in writing a review of the order of revocation by the commissioner of public safety. Upon receiving a request the commissioner or his designee shall review the order, the evidence upon which the order was based, and any other material information brought to the attention of the commissioner, and determine whether sufficient cause exists to sustain the order. Within 15 days of receiving his request the commissioner shall report in writing the results of his review. The review provided in this sub-

division is not subject to the contested case provisions of the administrative procedure act in sections 14.01 to 14.70.

The availability of administrative review for an order of revocation shall have no effect upon the availability of judicial review under this section.

Minn.Stat. § 169.123, subd. 5b (1984).

The Administrative Procedure Act provides general judicial review for aggrieved parties in contested cases. Minn.Stat. § 14.63–.68 (1984). This is the usual basis for obtaining judicial review of administrative cases. Because subdivision 5b is specifically exempted from these procedures, review cannot be obtained under the Act. However, the Act states that it does not prevent resort to other means of review. Minn.Stat. § 14.63.

Subdivision 5b is silent on whether the Commissioner's determination can be appealed to the courts. In the absence of statutory language to the contrary, the Minnesota Supreme Court has recognized a presumption in favor of judicial review of agency decisions. *Minnesota Public Interest Research Group v. Minnesota Environmental Quality Council*, 306 Minn. 370, 376, 237 N.W.2d 375, 379 (1975). The United States Supreme Court has also recognized the importance of judicial review:

> [P]reclusion of judicial review of administrative action adjudicating private rights is not lightly to be inferred. * * * Indeed, judicial review of such administrative action is the rule, and nonreviewability an exception which must be demonstrated.

*Barlow v. Collins*, 397 U.S. 159, 166, 90 S.Ct. 832, 837, 25 L.Ed.2d 192 (1970) (citations omitted).

■ Although we recognize the strong presumption in favor of judicial review, our reading of subdivision 5b and the implied consent statute persuades us that this is the unusual administrative action where nonreviewability can be demonstrated.

In *Heddan* the supreme court noted that the amendments, which included subdivision 5b, removed the opportunity for lengthy delay of the imposition of the revocation while simultaneously creating a more efficient system for obtaining review. *Id.* at 57. The court characterized the administrative procedure as providing an informal, speedy review, designed to remedy obvious errors while according a certain amount of due process to the revoked driver. *Id.* at 58.

The *Heddan* court also noted that judicial review of the initial revocation may be sought under subdivision 5c while pursuing administrative review. *Id.* Subdivision 5c requires that the judicial review of the initial revocation be requested within 30 days of the notice and order of revocation. We have held the 30–day time limit to be jurisdictional. *McShane v. Commissioner of Public Safety*, 377 N.W.2d 479, 481 (Minn. Ct.App.1985), *pet. for rev. denied,* (Minn. Jan. 23, 1986). To allow judicial review of the administrative decision would allow a petitioner to circumvent this jurisdictional requirement.

In addition to the limited purpose for subdivision 5, we also note statutory indications that the administrative action is not reviewable. Minn.Stat. § 171.19 (1984) provides district court review of administrative revocation, but specifically exempts revocations under the implied consent law. Subdivision 5b does not provide judicial review of the administrative action and exempts the action from the provisions of the Administrative Procedure Act. Although exempting subdivision 5b from the Administrative Procedure Act is not dispositive of the right to review, it does indicate that judicial review was not contemplated by the legislature. The subdivision's provision that administrative review has no effect on the availability of judicial review also indicates that the judicial and administrative review provisions are alternative and separate routes. We are satisfied that the nonreviewability of the section is demonstrated.

Kleven also argues that due process requires judicial review of the administrative decision, which he contends is arbitrary and capricious. The supreme court in *Heddan*

held that the prehearing license revocation provision did not violate due process under the United States or Minnesota Constitutions. It noted that the administrative review provision provided a certain measure of due process. *Id.,* 336 N.W.2d at 58–59. It did not specifically examine the question of whether due process required judicial review of the administrative decision.

 A license to drive is an important property interest, subject to due process protection. *Mackey v. Montrym,* 443 U.S. 1, 10 n. 7, 99 S.Ct. 2612, 2617 n. 7, 61 L.Ed.2d 321 (1979); *Heddan,* 336 N.W.2d at 58–59. *Heddan* summarized due process requirements as follows:

> The United States Supreme Court has consistently held that some form of hearing is required before an individual is finally deprived of a property interest. *Wolff v. McDonnell,* 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975–76, 41 L.Ed.2d 935 (1974). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

*Heddan,* 336 N.W.2d at 59; *see Walters v. National Association of Radiation Survivors,* 473 U.S. 305, 105 S.Ct. 3180, 3184, 87 L.Ed.2d 220 (1985).

 Denial of access to judicial review can rise to the level of a constitutional infirmity. *Investment Annuity, Inc. v. Blumenthal,* 609 F.2d 1, 7 (D.C.Cir.1979), *cert. denied,* 446 U.S. 981, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980); *see Bob Jones University v. Simon,* 416 U.S. 725, 746, 94 S.Ct. 2038, 2050–51, 40 L.Ed.2d 496 (1974). However, not all such denials amount to due process violations. *Investment Annuity,* 609 F.2d at 7. In this case we emphasize that Kleven could have sought judicial review of his revocation under subdivision 5c even while pursuing administrative review, had he appealed within 30 days. Minn.Stat. § 169.123, subd. 5b, 5c; *Heddan,* 336 N.W.2d at 58. The implied consent procedure has been examined in the face of a due process challenge and has been approved. *Heddan.* Kleven chose not to seek judicial review and instead sought administrative review, well after the 30–day requirement for judicial review had run. Kleven had the opportunity to obtain judicial review of his revocation; due process does not require additional judicial review of the administrative review of his revocation.

## DECISION

The trial court's order dismissing the petition is affirmed.

Affirmed.