**AMERICAN DOG OWNERS ASSOCIATION, INC.,**
Appellant,

**Responsible Dog Owners of Minnesota, et al., Plaintiffs,**

v.

**The CITY OF MINNEAPOLIS, et al., Respondents.**

No. C7–89–1741.

Court of Appeals of Minnesota.

March 27, 1990.

Marshall H. Tanick, Mansfield & Tanick, Minneapolis, for appellant.

Robert J. Alfton, City Atty., Michael T. Norton, David M. Lurie, Asst. City Attys., Minneapolis, for respondents.

Martin D. Munic, Minneapolis, for amicus Minnesota Civil Liberties Union.

Considered and decided by NORTON, P.J., and HUSPENI and STONE, JJ.*

## OPINION

NORTON, Judge.

Appellant American Dog Owners Association (ADOA) seeks review of the trial court's denial of its motion for attorney fees, which it sought pursuant to 42 U.S.C. § 1988, after successfully bringing an action pursuant to 42 U.S.C. § 1983. Respondent City of Minneapolis has filed a notice of review challenging the trial court's underlying determination that an ordinance challenged by ADOA was unconstitutional. We reverse.

## FACTS

The facts in this case are not in dispute. ADOA initiated this action pursuant to 42 U.S.C. § 1983 alleging City of Minneapolis Code of Ordinances ("Minneapolis Ordinance") § 64.120(b)(1) and (2) does not afford the procedural due process required by U.S. Const. amend. XIV. ADOA also claimed that Minneapolis Ordinance § 64.110 was unconstitutionally vague and overbroad. The trial court granted ADOA summary judgment, holding that § 64.120(b)(1) and (2) violates procedural due process and that § 64.110(a)(3) is unconstitutionally overbroad.

Appellant then brought a motion for attorney fees, pursuant to 42 U.S.C. § 1988, which the trial court denied. It is from that denial which ADOA appeals. Respondent City of Minneapolis ("City") then filed a notice of review challenging the trial court's determination that Minneapolis Ordinance § 64.120(b)(1) and (2) is unconstitutional. No review is sought of the decision that § 64.110(a)(3) is unconstitutional.

* Acting as judge of the Court of Appeals by ap-

## ISSUES

1. Did the trial court err in holding that Minneapolis Ordinance § 64.120(b) does not satisfy procedural due process requirements?

2. Did the trial court err in denying ADOA's attorney fees?

## ANALYSIS

### I.

■ The notice of review challenges the trial court's decision that Minneapolis Ordinance § 64.120(b)(1) and (2) is unconstitutional. In review of summary judgment, an appellate court must determine whether any genuine issues of material fact exist and whether the trial court correctly applied the law. *Offerdahl v. University of Minnesota Hospitals and Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

Because ADOA brought a facial attack against the ordinances, no facts are in dispute. The ordinance in question provides that:

(b) The commissioner of health or the commissioner's agent, after having been advised of the existence of such animal as defined above, shall proceed as follows:

(1) The owner of the offending animal shall be notified in writing as to the reasons the animal is subject to disposition under this section * * * and where applicable, the dates, times, and places, of animals or persons bitten, attacked, injured or disfigured, and shall be given ten (10) days to request a hearing for a determination as to the disposition of the animal. If the owner does not request a hearing within ten (10) days of the notice, the commissioner shall make appropriate order including destruction or other proper disposition of the animal. The owner shall immediately make the animal available to the animal control officer for the ordered disposition.

(2) If the owner requests a hearing for determination as to the disposition of the

pointment pursuant to Minn.Const. art. VI, § 2.

animal, the hearing shall be held before the commissioner at a date not more than three (3) weeks after demand for the hearing. The records of the animal control officer shall be admissible for consideration without further foundation. After considering all evidence, the commissioner shall make an appropriate order, including destruction or other proper disposition of the animal. The owner shall immediately make the animal available to the animal control officer for the ordered disposition.

City of Minneapolis Code of Ordinances § 64.120.

The interpretation of a statute is a question of law and is subject to de novo review. *Hibbing Education Association v. Public Employment Relations Board*, 369 N.W.2d 527, 529 (Minn.1985). "Ordinances as well as statutes are presumed to be valid, and are not to be set aside by the courts unless their invalidity is clear." *City of St. Paul v. Kekedakis*, 293 Minn. 334, 336, 199 N.W.2d 151, 153 (1972) (quoting *State v. Taubert*, 126 Minn. 371, 372, 148 N.W. 281, 282 (1914)).

The United States Supreme Court's decisions leave no doubt that " '[d]ue process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (citation omitted). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

In determining whether the procedures are constitutional, the United States Supreme Court has set forth a general approach which requires the balancing of four factors:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

*Parham v. J.R.*, 442 U.S. 584, 599–600, 99 S.Ct. 2493, 2502–03, 61 L.Ed.2d 101 (1979) (quoting *Mathews*, 424 U.S. at 335, 96 S.Ct. at 903).

A. Private interest.

ADOA argues that application of this factor supports the conclusion that the ordinance does not afford dog owners their constitutional due process rights. We disagree. Here, the interest which would be affected by the City is the detection of dangerous animals. Private parties have little interest in harboring animals that may be dangerous.

B. Risk of an erroneous deprivation.

ADOA argues and the trial court found that "an essential ingredient of the opportunity for a hearing is the right to a judicial proceeding before a neutral and detached judicial officer." We disagree. "Denial of access to judicial review can rise to the level of constitutional infirmity.  * * * However, not all such denials amount to due process violations." *Kleven v. Commissioner of Public Safety*, 399 N.W.2d 153, 156 (Minn.Ct.App.1987) (citations omitted).

■ ADOA also contends the risk of an erroneous deprivation is high since the Commissioner of Health is empowered to investigate, adjudicate and dispose of the animal. In order to prevail, ADOA must overcome a presumption of honesty and integrity in those serving as adjudicators. *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464–65, 43 L.Ed.2d 712 (1975). The United States Supreme Court cases "offer no support for the bald proposition * * * that agency members who participate in an investigation are disqualified from adjudicating." *Id.* at 52, 95 S.Ct. at 1467.

ADOA's contention of bias and prejudice is misplaced. The record does not indicate any evidence from which it could be inferred that the Commissioner of Health would not carry out the function in a neutral and detached manner.

C. Probable value of additional or substitute procedures.

ADOA argues that a judicial-type hearing is required. We disagree. A judicial-type hearing would not afford additional safeguards since the ordinance provides a pre-deprivation hearing rather than a post-deprivation hearing. Additionally, we note that decisions of public officials are reviewable by certiorari. *See* Minn.Stat. § 480A.06, subd. 3 (1988).

D. Government interest.

The City has a high interest in taking appropriate measures for animal control. Moreover, the hearing takes place prior to the animal being seized. Thus, a dog owner is provided an opportunity to be heard prior to any deprivation.

Review of these four factors demonstrates that the procedures afforded by the ordinance comport with requirements of the due process clause. Therefore, the trial court erred in concluding that Minneapolis Ordinance § 64.120(b)(1) and (2) is unconstitutional.

## II.

■ ADOA challenges the trial court's denial of its motion for attorney fees pursuant to 42 U.S.C. § 1988. "Although section 1988 leaves an award of attorney fees to the discretion of the court, the United States Supreme Court requires an award of attorney fees to a prevailing party unless special circumstances would render an award unjust." *Welsh v. City of Orono*, 355 N.W.2d 117, 124 (Minn.1984). Although we have reversed the decision that section 64.120(b) is unconstitutional, the trial court also determined that section 64.-110(a)(3) was unconstitutional and that decision has not been challenged in this appeal. Thus, ADOA remains the prevailing party.

The trial court relied on *Welsh* for the proposition that attorney fees under 42 U.S.C. § 1988 need not be granted in those cases where fundamental civil rights such as "voting rights, jury or job discrimination, school desegregation," etc. are not involved. *See Welsh*, 355 N.W.2d at 124.

*Welsh* determined that the DNR, not the City of Orono had jurisdiction to regulate the dredging of Lake Minnetonka.

Because *Welsh* did not involve an action for private enforcement of civil rights, but instead was a private action questioning a municipality's regulatory jurisdiction, the supreme court declined to reverse the trial court's decision that the private nature of action constituted sufficient special circumstances to deny an award of fees. *Welsh*, 355 N.W.2d at 124. In contrast, ADOA successfully challenged the constitutionality of an ordinance. We do not agree that this is a sufficiently special circumstance which would render the required award of attorney fees unjust. In so holding, the trial court ignored not only the *Welsh* recognition that attorney fees are required to be awarded, but also ignored more recent superior authority reaffirming the prevailing party's entitlement to fees.

Complete success in a suit is not required; to be a prevailing party entitled to an award of attorney fees, ADOA needed only to have "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Association v. Garland Independent School District*, ── U.S. ──, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989). The touchstone for gauging the significance of a claim is whether the successful challenge changes the nature of the relationship between the parties. *Id.* at ──, 109 S.Ct. at 1493. We believe ADOA has met these standards for award of attorney fees as a prevailing party. Thus, the trial court's denial of ADOA's motion for attorney fees is reversed and remanded.

### DECISION

The determination that Minneapolis Ordinance § 64.120(b) was unconstitutional is reversed. The trial court's denial of attorney fees pursuant to 42 U.S.C. § 1988 is reversed and remanded.

Reversed and remanded.