## FLOYD R. SIMPSON AND OTHERS v. ESTHER SHERIDAN AND OTHERS.[1]

May 5, 1950.

No. 35,070.

*Clifford W. Gardner, John D. Sullivan,* and *William W. Fink,* for appellants.

*Urban J. Steimann,* for respondents.

KNUTSON, JUSTICE.

This case involves a boundary-line dispute. Plaintiffs are the fee owners of a tract of land in Rice county, comprising a part of the NE¼ of SE¼ of section 35, township 110 north, range 21 west, which contains about 21 acres.

Defendant Esther Sheridan owns the land immediately to the west of and adjoining plaintiffs' land. Both parcels are bounded on the south by trunk highway No. 60, which runs west from the city of Faribault.

An old barbed-wire fence separates the two tracts of land. In 1947, plaintiff Floyd R. Simpson employed Walter G. Docken, Rice county surveyor, to make a survey of plaintiffs' property. He found the true line between plaintiffs' and defendants' properties to be 3.8 feet west of the fence separating the two properties at the north end and 13.4 feet west of the fence at the south end. In other words,

[1]Reported in 42 N. W. (2d) 402.

according to the survey so made, the fence encroached upon plaintiffs' property 3.8 feet at the north end and 13.4 feet at the south end. It is this small strip of land which is involved in this litigation.

The court found that defendants were in possession of the strip of land in question; that such possession had not continued for the required statutory period of 15 years, but had continued only for a period of not to exceed 11 years; and that as a consequence defendants had not acquired title by adverse possession. From an order denying defendants' motion for amended findings or a new trial, they appeal.

The only question raised by this appeal is whether the court's finding that defendants' possession of the disputed strip had not continued for the required statutory period of 15 years is sustained by the evidence.

The evidence relied upon to establish adverse possession, or to rebut it, relates largely to the location of the fence with respect to certain culverts or driveways located on or near the boundary line leading from trunk highway No. 60.

Plaintiff Floyd R. Simpson testified that he purchased the land which he claimed on or about August 10, 1946; that in 1937 one William Kenow ran a beer stand on a small portion of the tract involved located in the extreme southwest corner thereof; that he (Simpson) was at that time a distributor of pop and beer and had occasion to go upon the premises in making deliveries to Kenow; that at that time there was a driveway about 32 feet in width at the west line of the premises occupied by Kenow and that there was another driveway over a culvert somewhat east of the 32-foot driveway; that he drove into the property on the east driveway and out of it on the west driveway; that at that time the fence was located on the west line of the westerly driveway; and that it is now located in the center of the driveway.

William Kenow testified that during the summer months of 1937 he ran a beer stand on the southwest corner of the property involved; that at that time the line fence was located on the west

side of the driveway; and that it is now located so that if extended to the road it would be in the center of the driveway.

Defendant Esther Sheridan testified that at the time of the trial she was 54 years old; that she moved to the farm involved when she was 10 years old and had lived there ever since; that for as long as she could remember the fence had been located where it then was; and that she and her predecessors had always claimed the land up to the fence and had used it for farming purposes or for a driveway. She was corroborated by the other defendants and by other witnesses who had lived in the vicinity for many years.

The applicable rules of law are not seriously in dispute. The burden rests upon defendants as disseizors to establish the essential facts to create title by adverse possession if they are to prevail. In Village of Newport v. Taylor, 225 Minn. 299, 303, 30 N. W. (2d) 588, 591, we said:

"* * * adverse possession may be established only by clear and positive proof based on a strict construction of the evidence, without resort to any inference or presumption in favor of the disseizor, but with the indulgence of every presumption against him. The burden of proving the essential facts which create title by adverse possession rests upon the disseizor."

See, also, Hoverson v. Hoverson, 216 Minn. 228, 12 N. W. (2d) 501; St. Paul & Duluth R. Co. v. City of Duluth, 73 Minn. 270, 76 N. W. 35, 43 L. R. A. 433.

The trial court found that the possession of defendants contained all the essential elements required to establish title by adverse possession; that such possession had not continued for the required period of time, but had continued only for not to exceed 11 years. Apparently, the court fixed that limit of time as running from the date of the occupation of the corner tract by Kenow in 1937, without attempting specifically to find when the location of the fence was changed.

No good purpose can be served by relating in detail the conflicting evidence of plaintiffs' witnesses and that of defendants. If the court could accept the testimony of Kenow and Simpson, the de-

cision must be sustained. Were we sitting as a trier of facts, we might well come to the opposite conclusion, but we cannot say that the testimony of Kenow and Simpson was so discredited or lacking in substance as to compel the trial court to accept defendants' version of the matter. The decision is based on a question of fact decided adversely to defendants' contentions upon conflicting evidence. Under the circumstances, we cannot say that the findings are unsupported by the evidence.

Affirmed.

Mr. Justice Thomas Gallagher took no part in the consideration or decision of this case.