Donald L. GRUBB, et al., Respondents,

v.

STATE of Minnesota, et al.,
Defendants,

City of Faribault, Appellant.

No. C5–88–951.

Court of Appeals of Minnesota.

Dec. 27, 1988.
Review Denied Feb. 22, 1989.

Keith R. Nelson, Cook, Voegele & Nelson, Faribault, for respondents.

Warren D. Chamberlain, Faribault, for appellant.

Heard, considered and decided by PARKER, P.J., and RANDALL and BOWEN, JJ.

## OPINION

ROBERT E. BOWEN, Acting Judge.[*]

This quiet-title action comes to us on appeal from an order denying appellant's motion for a new trial, following a trial which resulted in a judgment awarding respondents title by adverse possession. Respondents seek review of the trial court's determination that the action did not involve a boundary-line dispute. We affirm in part and reverse in part.

## FACTS

On July 29, 1961, respondents purchased a 43–acre farm in Rice County. At the time of the purchase, St. Olaf College (college) owned 16 acres of land adjoining respondents' land on the north and west, which the college had obtained for the sole purpose of providing a source of stone for construction of buildings on its campus in Northfield, some 15 miles away. Most of the college property, including a stone quarry, is situated between the Straight River on the west, and respondents' land on the east. The remainder, approximately two acres, lies west of the Straight River, next to land owned and operated by a charitable corporation, the River Bend Nature Center.

The college leased all of its 16 acres to appellant on June 8, 1982, and conveyed it to appellant as a gift on January 8, 1984 by a warranty deed providing that it must be used exclusively as a nature interpretive center with emphasis on natural history. From 1946 until 1982, the college paid real estate taxes assessed on the property; thereafter, appellant paid them until it acquired title, at which time the property became exempt from taxes.

When respondents took possession of their farm in 1961, they were aware that the college owned some property to the north and west, including the stone quarry, but they did not know how many acres the college owned or where the boundary lines between the properties were located. It appeared to respondents that their vendors had been using part of the college property; and in fact they had been renting land, including part of the college property, to

[*] Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

another farmer for grazing purposes. Respondents received payments under this rental arrangement for approximately one year after they took possession.

From the time that respondents purchased the farm until November 5, 1982, they pastured cattle and sheep and fenced the pastured area, including portions of the disputed land. They placed "no trespassing" signs along the boundaries, including along the Straight River. They tilled a portion of the land for crops, and harvested trees for firewood and fenceposts. They refused entrance to and evicted people they found undesirable and permitted school and church groups to use the disputed land.

Between July 29, 1961 and November 5, 1982, the college failed to use, occupy or in any way exercise ownership over the subject property, except for the payment of real estate taxes each year. The former business manager of the college visited the property once in the 1950's and once after respondents took possession. On both occasions, although he did not see any animals being pastured on the property, he noted that some grazing had occurred. The college at no time either granted permission for, or objected to, respondents' use of its property. The trial court found that the college knew or should have known that respondents were openly using and occupying the disputed property, but did nothing to prevent it or to assert its ownership interest.

On November 5, 1982, appellant by letter requested that respondents remove their livestock from the subject property. The trial court found that the letter was the first notice respondents had received that anyone was exercising an ownership right in the property. Respondents countered by commencing this action.

In addition to the above facts, the trial court found and concluded that the entire 16–acre college property is a parcel which is separately assessed for real estate tax purposes and that the college or appellant paid the real estate taxes each year; respondents never paid any part of the taxes.

The trial court found that the disputed property was part of the whole parcel of property for which taxes were separately assessed to the college, but that the disputed property itself was not a separately assessed parcel within the meaning of Minn.Stat. § 541.02 (1986). It further found that the action was not one involving boundary lines.

The trial court concluded that respondents were in hostile, actual, open, continuous and exclusive possession of the subject property for at least 15 years, and that the requirement of payment of real estate taxes for five years did not apply. Accordingly, the trial court concluded that respondents were the owners of the property as a result of adverse possession.

## ISSUES

1. Did the trial court clearly err in finding and concluding that respondent satisfied the requirements for acquiring title by adverse possession?

2. Did the trial court clearly err in finding and concluding that this is not a boundary-line dispute which would exempt respondents from payment of real estate taxes under Minn.Stat. § 541.02 (1986)?

3. Did the trial court err in concluding that respondents are exempt from the tax payment requirement because the disputed property is not a "separately assessed" parcel of real estate within the meaning of Minn.Stat. § 541.02 (1986)?

## ANALYSIS

1. The trial court found that respondents met each of the five elements necessary to acquire land by adverse possession. The fact findings of a trial court sitting without a jury will not be set aside unless clearly erroneous. *See Wheeler v. Newman*, 394 N.W.2d 620 (Minn.Ct.App.1986).

To prevail in an adverse possession claim, the disseizor must show by clear and convincing evidence hostile, actual, open, continuous and exclusive possession of the

land for the 15–year period required by our statute of limitations, Minn.Stat. § 541.02. *Ehle v. Prosser*, 293 Minn. 183, 197 N.W.2d 458 (1972). The trial court found and concluded that respondents satisfied the above requirement and obtained title to the disputed land by adverse possession.

■ There is ample evidence in the record to support the trial court's specific findings on each of the five elements of adverse possession. The record is clear that for a continuous period well in excess of 15 years, respondents used the disputed land for farming purposes. Their possession was exclusive; the college exercised no ownership rights other than visiting the property once and paying the taxes. Respondents admitted some and excluded others, and posted no-trespassing signs. Their actual uses of the property included grazing of cattle and sheep, building and maintaining fences, removing gravel, quarry rock and trees, and engaging in certain conservation practices on the land.

■ Appellant contends that for their possession to be hostile, respondents should have notified the college or appellant earlier of their claim to the property. Hostile possession does not require personal animosity or overt acts toward the record owner. *Ehle* at 190, 197 N.W.2d at 462. Rather, the disseizor must intend to exclude the world and treat the disputed property in a manner generally associated with the ownership of a similar type of property in the particular area involved. *Id.* The record indicates that respondents treated the disputed property as if it were part of their farm. Further, there was no evidence that either the college or appellant ever granted respondents permission to use the property; on the contrary, appellant has sought damages for trespass from respondents by its counterclaim in this action.

■ Appellant next contends that respondents' possession was not open because the disputed property could be seen only from the respondents' farmyard and from the west side of the Straight River. The trial court found that possession was open throughout the statutory period. Respondents posted "no trespassing" signs and evicted trespassers, while granting permission to other parties to use the land. The land was being used for grazing which was, in fact, visible to the college on the one visit it made during respondents' tenancy. Thus it is clear that respondents openly used the property, undisturbed by the record owner.

The trial court's findings and conclusions that the five common-law elements of adverse possession were established by respondent are amply supported in the record, and are not clearly erroneous.

2. Generally, a party claiming title to land by adverse possession is required to pay the real estates taxes for five consecutive years preceding the assertion of the claim. The requirement is contained in Minn.Stat. 541.02, the statute of limitations pertaining to actions to recover land:

> No action for the recovery of real estate or the possession thereof shall be maintained unless it appears that the plaintiff, the plaintiff's ancestor, predecessor, or grantor, was seized or possessed of the premises in question within 15 years before the beginning of the action.

> Such limitations shall not be a bar to an action for the recovery of real estate assessed as tracts or parcels separate from other real estate, unless it appears that the party claiming title by adverse possession or the party's ancestor, predecessor, or grantor, or all of them together, shall have paid taxes on the real estate in question at least five consecutive years of the time during which the party claims these lands to have been occupied adversely.

> The provisions of paragraph two shall not apply to actions relating to the boundary line of lands, which boundary lines are established by adverse possession, or to actions concerning lands included between the government or plat-

ted line and the line established by such adverse possession, or to lands not assessed for taxation.

Respondents argued before the trial court that they were excused from the requirement of payment of taxes on two grounds: that the action was one involving boundary lines, and that since they were claiming somewhat less than the entire parcel, the subject land was not separately assessed for taxation. They lost on the first ground and prevailed on the second. Both issues are presented for review here.

The trial court found in a memorandum incorporated in its findings and conclusions that respondents were claiming by adverse possession most of the college property, including land they knew they had not purchased, and concluded that the action did not involve a boundary-line dispute. Respondents seek reversal of that conclusion by their notice of review.

■ In a boundary-line dispute, the burden rests upon the disseizors to establish the essential facts to create title by adverse possession if they are to prevail. *Simpson v. Sheridan*, 231 Minn. 118, 42 N.W.2d 402 (1950). Respondents failed to establish the essential fact here: that their adverse possession was merely establishing a boundary line. Where one landowner adversely possesses approximately 13 acres of his neighbor's 16-acre parcel, the parcel, not merely the boundary line, is at stake. Thus, the boundary-line exception to the statutory tax payment requirement is inapplicable to the facts of this case. The trial court did not err in its conclusion.

3. We now reach the primary issue in this case: whether the disputed property is "real estate assessed as tracts or parcels separate from other real estate" within the meaning of Minn.Stat. § 541.02. If it is, respondents' failure to pay the real estate taxes for five consecutive years during their adverse occupancy defeats their claim of title by adverse possession, and appellant prevails. If it is not, respondents are not subject to the tax-payment require-

ment, and their adverse occupancy of more than 15 years bars appellant from recovery of possession and vests title in respondents.

At trial, respondents argued that the land they were claiming by adverse possession was not "real estate assessed as tracts or parcels separate from other real estate" because they were not claiming all 16 acres of the college property, which was assessed as a separate tract. The trial court reluctantly agreed, considering itself bound by language in *Ehle*, 293 Minn. 183, 197 N.W. 2d 458. The trial court in its memorandum pointed out the injustice of what it felt to be a result mandated by existing case law:

The Court has found that Plaintiffs could adversely possess the subject property without paying real estate taxes because the claimed parcel was not a separately assessed parcel. The Court is compelled to so find based on the appellate decisions. The Court is concerned, however, that in this case there is little rationale for the outcome to be totally dependent upon the Court's finding that the parcel was not separately assessed—such requirement does not necessarily promote justice here. Of particular concern is that a party, such as the Plaintiffs here, could simply avoid the requirement of paying real estate taxes by claiming adverse possession to something less than an entire separately assessed parcel. Had Plaintiffs attempted to adversely possess all of the St. Olaf College property, they would have failed because they did not pay real estate taxes on the property. Since they chose to claim something less than all of the property, they have prevailed in this lawsuit. This result, however, appears to be mandated by the appellate decisions, and any modification of the law must be left to the appellate courts or legislature.

■ We do not agree that the legislature and the Minnesota Supreme Court intended a result as unjust as the trial court correctly characterized that reached in this case. In construing Minn.Stat. § 541.02,

we may ascertain legislative intent by considering, among other matters, the object to be obtained. Minn.Stat. § 645.16(4) (1986). We must also keep in mind that the legislature does not intend a result that is absurd or unreasonable. Minn.Stat. § 645.17(1) (1986). Minn.Stat. § 541.02 consists of three unnumbered paragraphs and must be read as a whole. The first paragraph bars recovery of "real estate or possession thereof" unless the party seeking recovery, or predecessor in title, was in possession for the 15 years immediately preceding the commencement of the action. Put another way, the paragraph requires 15 years' possession by a disseizor as a prerequisite to claiming title by adverse possession.

The second paragraph of the statute exempts from the 15–year limitation actions seeking recovery of separately assessed tracts or parcels unless the disseizor, or predecessor in possession, has paid the real estate taxes on the disputed land for five consecutive years of the period of the disseizor's adverse possession. Put another way, the paragraph requires a disseizor to have paid the real estate taxes for five consecutive years of the disseizor's 15 years of adverse possession as a prerequisite to claiming title by adverse possession.

The third paragraph of the statute creates three exceptions to the tax-payment requirement of the second paragraph: (1) actions relating to boundary lines established by adverse possession, (2) actions concerning the land between a government or platted line and the line established by adverse possession, and (3) lands not assessed for taxation. Nowhere in the third paragraph is there a reference to land not assessed as a tract or parcel separate from other real estate. The paragraph includes only boundary-line matters and land which has not been assessed at all. Since the trial court correctly found and concluded that this action was not one involving boundary lines, and since the disputed land here was assessed for taxation, none of the exceptions to the tax-payment requirements of the third paragraph apply here.

Respondents urge a construction of the second paragraph of the statute which, if adopted, would both frustrate the legislative object to be obtained and lead to an absurd, unreasonable and unjust result, rendering the tax-payment requirement a virtual nullity. It is clear to us that the legislature intended the tax-payment requirement to apply to actions where the disseizor claims all or substantially all of an assessed tract or parcel. An obvious purpose of statutes requiring payment of taxes is to give an owner notice that someone is attempting to claim his or her land adversely. *Bowen v. Olson*, 2 Utah 2d 12, 268 P.2d 983 (1954); *see also* 2 C.J.S. *Adverse Possession*, § 214. Moreover, if such were not the legislative intent, a disseizor could always avoid the tax-payment requirement and consequent notice to the owner by claiming anything less than all of the assessed tract or parcel, as respondents did here.

The decisions which have dealt with the issue do not, as respondents argue and as the trial court reluctantly concluded, compel a contrary result. *Ehle* was a boundary dispute involving a 37–foot strip along one edge of a separately assessed parcel. *Id.* at 184–86, 197 N.W.2d at 459–60. The court noted that the 37–foot strip was not separately assessed. *Id.* at 187, 197 N.W. 2d at 461. The court then noted that both a boundary-line claim and a claim to land not assessed as a separate tract were presented, and that both kinds of claim were "clearly exempt" from the tax-payment requirement. *Id.* at 189, 197 N.W.2d at 462. The fact that disputed strips are almost never separately assessed is the reason for the boundary-line exception contained in the third paragraph of Minn.Stat. § 541.02. Other jurisdictions have created the exception by court decision. *See, e.g., Gilardi v. Hallam*, 178 Cal.Rptr. 624, 30 Cal.3d 317, 636 P.2d 588 (1981); *Trappett v. Davis*, 102 Idaho 527, 633 P.2d 592 (1981). Not only was *Ehle* a boundary dispute case, but all of the decisions cited by the court in support of its conclusion also involved boundary disputes between

adjoining landowners over comparably small portions of the assessed tracts. The court did not discuss the issue of what constituted a separately assessed parcel or what the result would be if a substantial portion of such a parcel were being adversely claimed.

Here we do not have a strip disputed by two adjoining landowners. Respondents are adversely possessing and claiming approximately 80% of a separately assessed parcel, with no colorable claim that a boundary-line dispute is involved.

The applicability of the tax payment requirement of Minn.Stat. § 541.02 to an adverse possession claim *not* involving a boundary dispute is discussed in *Bryant v. Gustafson*, 230 Minn. 1, 40 N.W.2d 427 (1950). In *Bryant*, the respondents claimed adverse possession of a section of quasi-public roadway contiguous to their land. They did not assert that a boundary line was in dispute. The supreme court first held that respondents had not asserted a right of adverse possession for the statutory period required under Minn.Stat. § 541.02. *Id.* at 10, 40 N.W.2d at 433. Second, the court held that the respondents had not paid taxes for five consecutive years on the roadway and thus had not met one of the prerequisites to acquisition of title under Minn.Stat. § 541.02. *Id.* at 10, 40 N.W.2d at 433–34.

The circumstances here are similar to those in *Bryant*. The trustee for the appellants in *Bryant* had paid all the taxes assessed on the entire roadway, *Id.* at 11, 40 N.W.2d at 434, while the respondent was claiming adverse possession to only a portion of the roadway. *Id.* at 10, 40 N.W. 2d at 433. Nowhere did the court indicate that the *portion* of the roadway the respondent disseizors claimed must also be separately assessed. Rather, the entire roadway was separately assessed for taxes, and the adverse claim to a portion of that roadway was defeated because the disseizor had not paid such taxes, as required under Minn.Stat. § 541.02. *Id.* at 10, 40 N.W.2d at 433–34.

## DECISION

The trial court did not clearly err in finding that respondents met the five common law elements of adverse possession, or in concluding that this is not a boundary-line dispute. However, the trial court did err in concluding that respondents do not claim a separately assessed parcel. Appellant is not barred from recovering the entire separately assessed parcel by Minn. Stat. § 541.02 because respondents have not paid the real estate taxes assessed on the parcel for five consecutive years during their adverse occupancy. We remand to the trial court for entry of judgment vesting title in appellant as record owner.

AFFIRMED IN PART AND REVERSED IN PART.