**Thomas M. LeGRO, et al., Respondents,**

v.

**Robert C. SATERDALEN, et al., Defendants,**

**Annette Yantes, Respondent,**

**Larry LeBlanc, Appellant.**

**No. C9–99–1483.**

Court of Appeals of Minnesota.

March 14, 2000.

Review Denied May 16, 2000.

John E. Valen, Walker, for respondents LeGros.

Robert L. Lowe, Ingebritson & Associates, L.L.P., Minneapolis, for appellant.

Stephen M. Baker, Baker Law Office, Walker, for respondent Yantes.

Considered and decided by LANSING, Presiding Judge, DAVIES, Judge, and HARTEN, Judge.

## OPINION

DAVIES, Judge

Appellant challenges the district court's judgment awarding respondents land by adverse possession. We affirm.

## FACTS

Since at least 1970, respondents Thomas and Karen LeGro (LeGros) and their predecessors in title have operated Northstar Resort in Cass County. The resort is on the shore of Leech Lake. Respondent Annette Yantes occupies a tract of land with two lake cabins on it directly east of the resort; she and her predecessors in title have occupied this tract for more than 20 years.

Both Yantes' deed and the county tax records place Yantes' two cabins on Gov. Lot 2, parcel # 02. It turns out that parcel # 02 is part of the LeGros' resort property and to the west of the parcel Yantes actually occupies. But the assessment valuations over the years have presumed the Yantes' cabins are on a separate parcel east of the resort.

In 1970, appellant Larry LeBlanc purchased a tract of land immediately east of the tract Yantes occupies. Then, in 1989, LeBlanc purchased by quitclaim deed from Jerry Waldholm the parcel to the west of his 1970 purchase, a parcel described in the deed as Gov. Lot. 3, parcel # 08. This is the proper legal description of the parcel long occupied by Yantes and her predeces-

sors.[1] At the time of this purchase, Le-Blanc knew that the property on the ground did not match its legal description and that Yantes and her predecessors had occupied the parcel for more than 20 years.

The LeGros commenced this quiet title action to Gov. Lot 2, parcel # 02, part of the land occupied by their resort. The other parties in turn cross-claimed and counterclaimed to quiet title to the Yantes' parcel, now understood by all to be Gov. Lot 3, parcel # 08. The district court found in favor of the LeGros as to Gov. Lot 2, parcel # 02, and, based on adverse possession, in favor of Yantes as to Gov. Lot 3, parcel # 08. LeBlanc appeals, relying on his Waldholm quitclaim deed to Gov. Lot 3, parcel # 08, and on the claim that Yantes has never paid taxes on that parcel.

### ISSUE

■ Did the district court err as a matter of law in finding that respondent Yantes and her predecessors met the real-estate-tax requirement of Minn.Stat. § 541.02 (1998)?[2]

### ANALYSIS

■ Interpretation of statutes is subject to de novo review. *Bol v. Cole*, 561 N.W.2d 143, 146 (Minn.1997). Minn.Stat. § 541.02 provides that a

party claiming title by adverse possession or the party's ancestor, predeces-

sor, or grantor, or all of them together, [must] have paid taxes on the real estate in question at least five consecutive years of the time during which the party claims these lands to have been occupied adversely.[3]

See also *Grubb*, 433 N.W.2d at 920 (a disseizor must pay real estate taxes on disputed parcel for five consecutive years as prerequisite to claiming title by adverse possession). The district court found that

[respondent] Yantes and her predecessors in interest paid real estate taxes on the property that they occupied even though it was inaccurately described.

The district court concluded, therefore, that Yantes and her predecessors in title met the real-estate-tax requirement of Minn.Stat. § 541.02. LeBlanc argues, however, that Minn.Stat. § 541.02 requires a disseizor to have been assessed and to have paid taxes on the disputed parcel as it is legally described. We disagree.

■ The Cass County assessor testified that for the past 20 years: (1) Yantes and her predecessors were assessed taxes on the disputed parcel; and (2) the tax assessments describe the taxed parcel as including the two cabins occupied by Yantes and her predecessors. It is undisputed that Yantes has paid the taxes assessed on the parcel she occupies. Accordingly, Yantes and her predecessors have met the real-estate-tax requirement of Minn.Stat. § 541.02; they were assessed and paid taxes on the disputed property as

---

1. The problem in this case arises from general and longstanding confusion over the north/south line dividing Gov. Lot 2 from Gov. Lot 3, which lies to the east. The line turns out to be west of where it was thought to be.

2. Independent of the real-estate-tax requirement at issue here, adverse possession requires hostile, actual, open, continuous, and exclusive possession of the land for a 15-year period. *Grubb v. State*, 433 N.W.2d 915, 917–18 (Minn.App.1988), review denied (Minn. Feb. 22, 1989). LeBlanc does not challenge the district court's finding that LeGros and Yantes met all of these other requirements for acquiring land by adverse possession.

3. The second paragraph of the section reads:

[This requirement] shall not apply to actions relating to the boundary line of lands, which boundary lines are established by adverse possession, or to actions concerning lands included between the government or platted line and the line established by such adverse possession, or to lands not assessed for taxation.

The parties agree that this second paragraph does not apply here, for this is not a dispute involving boundary lines, government land, land not assessed for taxation, or boundary lines of a specifically identified parcel.

physically occupied even though the legal description on the assessment records is inconsistent with their physical occupation.

LeBlanc argues that he too has been paying taxes on Gov. Lot 3, parcel # 08. But this argument does not defeat Yantes' claim for adverse possession because she fulfilled the requirements of Minn.Stat. § 541.02. Moreover, the county assessor testified that the property in LeBlanc's assessment is not described as containing the two cabins on Yantes' property.

LeBlanc relies on *Grubb* and on *Bryant v. Gustafson,* 230 Minn. 1, 10, 40 N.W.2d 427, 433–34 (1950), to support his argument that Minn.Stat. § 541.02 requires a disseizor to have paid taxes on the disputed parcel as legally described. Both cases are easily distinguishable, for in neither case were taxes paid on the parcels, either as they were occupied or as they were legally described.

### DECISION

Yantes and her predecessors in title both paid taxes on and physically occupied the disputed property for the length of time required for adverse possession.

**Affirmed.**