GILES GILBERT v. MARY F. EMERSON and Others.[1]

January 17, 1895.

No. 9145.

### Construction of Deed—Boundary—Plat of Submerged Land.

Where a person executes a plat of submerged land, extending it a distance of several blocks, streets, and alleys beyond the shore line into the water, but not to the point of navigability, and then conveys one of the blocks of this submerged land, in the rear of which are drawn the platted

lines of an alley 12 feet wide between the blocks so conveyed and the outermost line of the alley, and beyond which, in the direction of the line of navigable water, there is an unplatted space of submerged land, *held*, that no title or appurtenant right to the unplatted space passed to the grantee of such block, and that his title was limited to the center of the alley.

Appeal by plaintiff from a judgment of the district court for St. Louis county, Moer, J., that the defendant George C. Howe is the owner of the unplatted space described in the opinion. Affirmed.

*Billson, Congdon & Dickinson,* for appellant.

*W. B. Phelps,* for respondent Howe.

BUCK, J. This action was before this court in 1893, and is reported in 55 Minn. 254, 56 N. W. 818. Various controversies have arisen in regard to certain rights claimed by different persons under a plat called "Rice's Point." One Orrin Rice executed this plat, extending it a distance of several lots, blocks, streets, and alleys beyond the shore line, and into the water, but not to the point of navigability. A full statement of the facts in connection with this platting may be found by reference to the above report and to the case of Gilbert v. Eldridge, 47 Minn. 210, 49 N. W. 679. The plaintiff herein brought this action to quiet his title to the strip of submerged land lying between the easterly shore line of Rice's Point in Duluth and the dock line duly established in front of the same. This strip of submerged land consists of a tier of platted water blocks extending some 800 or 900 feet out into the bay, and an unplatted space, lying still beyond, and between the exterior boundaries of the plat and the established dock line. Upon the former hearing in this court the conclusion finally arrived at was in the following words: "On the appeal of defendants Emerson and Eldridge that part of the judgment appealed from is affirmed, and on the appeal of plaintiff that part of the judgment appealed from is reversed, and the cause remanded, with directions to the court below to render judgment in favor of plaintiff." The legal effect of this decision was to vest the title to the premises in the plaintiff, but the controversy as to the platted blocks was only between the plaintiff and the defendants other than the defendant George C. Howe, but the controversy as between him and the plaintiff was

and is as to the unplatted space described in the complaint; the plaintiff claiming the right to occupy such space by virtue of his ownership of the outermost platted block abutting upon the same, while the defendant Howe claims the right to occupy it upon the grounds that such right of occupancy remained in Orrin Rice, the original proprietor of Rice's Point, unaffected by the making of the plat, or the conveyance of all the lots and blocks included therein, and that to this remaining interest of Rice in the unplatted space he, the said Howe, had by mesne conveyances subsequently succeeded. Upon the case being remanded to the lower court, the defendant Howe filed an answer, setting forth a copy of the original plat of Rice's Point, from which it appeared that beyond or in front of the plaintiff's outermost block, No. 159, there was drawn upon the plat a line which it is claimed by Howe implies or does in fact indicate an intention upon the part of Rice to plat an alley between the said block 159 and the water beyond it. Upon the trial, after the service of the amended answer, the court found, and so decided, that plaintiff was not the owner or entitled to the possession of the unplatted space above described, but that the defendant Howe was entitled to judgment against the plaintiff, adjudging him, said Howe, to be the owner in fee simple of the said unplatted space between the alley in front of said block 159 and the said dock line as at present located. Judgment was entered therein accordingly, and from this judgment this plaintiff appealed to this court. The only controversy, therefore, is between the plaintiff and the defendant Howe as to this unplatted space, the title to the block having been determined in this court and in the district court to be in the plaintiff.

That the title to the unplatted space in controversy was, upon the former appeal, held to be in the plaintiff, was no fault of this court. We can only apply the law to the case as made by the record before us, and when the record changes, if the change is sufficiently material, we must apply the law predicated upon the changed conditions of the record. The law is applied in accordance with the facts appearing in each case. The material fact here presented did not appear in the previous record, viz. that the line of an alley now appears upon the plat opposite block 159, with an outermost or exterior line of the alley between said block and the

unplatted space in controversy, and that the outer line of the alley is coterminous with all of the blocks, extending from block 159 in a southeasterly direction, for a long distance, to the end of the plat, but does not cross any of the streets between the blocks. A copy of the plat showing the blocks, lots, streets, and alleys is returned to this court, and forms a part of the record. The evidence is not returned. The plaintiff's claim to the unplatted space is based solely upon his ownership of block 159. An examination of the plat shows that this outermost alley line is part of the prolongation of an alley line extending from the outer line of the plat, on the northwesterly part thereof, in a southeasterly direction, several blocks, and runs between blocks 159 and 168, being the rear line of block 168 and 12 feet from block 159, being an alley between these blocks and this outermost alley line, and prolonged beyond the southwest corner of block 168 the full length of block 159, and parallel therewith, but 12 feet distant from the rear alley line of block 159; the block 168 being only one-half as long as block 159. Beginning 12 feet easterly of block 159, at the southwesterly corner of block 168, and extending easterly, are a large number of blocks, but outside of the blocks and the southeasterly and easterly side there are no alley lines. Upon nearly all of the remainder of the plat there are alley lines drawn between the blocks, the alley being 12 feet wide. The map does not show any platting directly eastward of the alley line in controversy.

There is no question in the case about the admission of extrinsic evidence to show the intention of the owner of the premises in making the plat in the manner shown. Such intention of the owner, Orrin Rice, in executing this map as it actually appears with this alley line so drawn, can therefore only be determined from an examination of the plat itself; and the legal effect of this plat must therefore be determined in the same manner. Ordinarily, the alley lines on a map are as much a part of the plat as the lines defining the streets, lots, or blocks. Alley lines are as significant and full of meaning as any other lines. They are placed on the map for a purpose, or otherwise they would not appear at all. They indicate the intent of the owner of the property in thus platting his premises. They do not represent the caprice of the surveyor or draughtsman, but constitute the actual facts out of which spring into life the

legal principles applicable thereto. This law is just as sacred as the law applicable to written instruments. What the surveyor or draughtsman thought or cared about the lines is of as little consequence as the thoughts of the draughtsman who draws a deed. The instrument itself, as adopted by the owner, is the source from which flow the legal obligations. It would be a useless and inexpedient undertaking to survey and plat premises into lots, blocks, streets, and alleys unless the legal effect could be determined from the map itself. In conveyances made by lots and blocks the lines define the boundaries and indicate the area conveyed. This makes the plat valuable to both grantor and grantee. Each purchaser of a lot is entitled to the benefit of the plat as it appears when he purchases it. If there are public streets, they inure to his benefit. If there are public alleys, he cannot be deprived of the privilege of enjoying them. It is not merely the street or alley upon which the purchased lot may abut that the purchaser has the privilege of using or enjoying, but all the easements, rights, privileges, and advantages which the plat represents. Now, the alley line represents a purpose. It means something. It was intended to represent, and does represent, the outer line of an alley on a large plat. This alley is a public one. There is nothing upon the whole plat to indicate otherwise. It is impressed with all the characteristics of an alley. The line is distinct, and corresponds with the other alley lines upon the plat. The plaintiff must be deemed to have purchased with a full knowledge of the appearance of the plat and this alley line, and with knowledge of the legal effect of a map so drawn and executed. In construing a plat no part of it is to be regarded as superfluous or meaningless. City of Noblesville v. Lake Erie & W. R. Co., 130 Ind. 1, 29 N. E. 484. And courts will give effect to the meaning expressed by their outlines as well as by their language. City of St. Louis v. Missouri Pac. Ry. Co., 114 Mo. 13, 21 S. W. 202. The block 159 is not situated on the margin of the bay or lake. It is submerged land, as is the land around it for a long distance, all having the same general topographical characteristics. The unplatted space which adjoins this alley line is several times larger than block 159, and was owned by Rice at the time he executed the plat of Rice's Point. It is not a case, therefore, where the outermost alley line is coterminous with the boundary line of the owner of

the premises platted. No intent can therefore be inferred or presumed that the owner of block 159 intended, by conveying the same, to pass the title to the whole alley,—that is, to the outermost alley line, and especially beyond that line,—so as to include the unplatted space in controversy. He might be presumed to own to the center of the alley, under the well-understood doctrine that in case of a conveyance of a lot or block abutting on a street the purchaser is presumed to take the title to the middle of the street. Rich v. City of Minneapolis, 37 Minn. 423, 35 N. W. 2; Ellsworth v. Lord, 40 Minn. 337, 42 N. W. 389; Lamm v. Chicago, St. P., M. & O. Ry. Co., 45 Minn. 71, 47 N. W. 455. That is all that can be presumed in behalf of the plaintiff in this case,—that is, that he takes the title only to the center of the alley,—and he takes this, not as something appurtenant to the block, but as a part of it. As Rice owned the unplatted space at the time he executed the map, it may well be argued and claimed that he adopted the alley line to define the boundary of the alley, and give it significance as a public alley, with all of the rights which the public would have therein, and to limit the owner's right to block 159 to the center of the alley, while for his own benefit he retained the title to the center of the alley upon the unplatted side and as a part of such unplatted space. The exceptional cases to the title passing in this manner only to the center of the alley are those where "the alley is laid off by the original proprietor from the rear end of a tier of lots next adjoining an adjacent proprietor." In re Robbins, 34 Minn. 99, 24 N. W. 356. Nor is this a case where this outermost alley line is the water-line boundary, and where, in such a case, it might be held that riparian rights would exist in behalf of a person who held the title to such line. We hold, therefore, that this map, with reference to this alley line, must be construed so as to give effect to the intention of the maker thereof; that this line represents the outermost boundary line of a public alley; that it was so intended by Orrin Rice, the maker of the plat; that such intention appears upon the face of the plat itself, and that such intent cannot be ignored, nullified, or disregarded by the parties or the court, so as to render it meaningless or inoperative. But the counsel for the respective parties have argued this case upon the assumption that either the plaintiff or the defendant Howe owns the unplatted space opposite block 159;

that if the plaintiff does not, then the defendant Howe does own it. Under the circumstances, as far as it is necessary for us to go for the purpose of affirmance as between these parties is to hold .that the unplatted space does not belong to the plaintiff. But we do not wish the decision to be considered as committing us to the proposition that, because it is apparent from the plat that Rice did not intend that any proprietary rights in the unplatted space should be appurtenant to the blocks abutting on the alley, therefore it follows that he reserved to himself any such rights in the unplatted space. That is a question which can be considered when it is properly raised.

The judgment of the court below is affirmed.

CANTY, J.   I dissent from the foregoing opinion so far as it holds that it is not error to award the defendant judgment for affirmative relief adjudging title in him.   Neither he nor plaintiff has shown any title in himself, and the defendant is no more entitled to such an affirmative judgment than the plaintiff would be.