**TOWN OF WAHNENA, Respondent,**

v.

**Donald DORHOLT, Appellant.**

**No. C9–90–1553.**

Court of Appeals of Minnesota.

Feb. 5, 1991.

John P. Weber, Grand Rapids, for appellant.

Paul M. Shaw, Andrew M. Shaw, Shaw & Shaw, Grand Rapids, for respondent.

Considered and decided by RANDALL, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges the denial of a motion for amended findings, contending the evidence is insufficient to support the trial court's determination that a road located on private property was a public way. Minn.Stat. § 160.05, subd. 1 (1988). We affirm.

## FACTS

Appellant Donald Dorholt owns land on the east side of section 27 and the adjoining west side of section 26 in the Town of Wahnena. It is undisputed that a public town road exists on the southern half of the section line dividing the two sections. The parties disagree on the status of the north half of this section line road.

For fifty years the north half of the road has been used by the general public for various commercial and recreational access to properties located north of Dorholt's property.

Beginning in 1987, Dorholt attempted to block access to the north half by installing a gate across the road. The Town of Wahnena commenced this action, asserting that the north half is a public township road and seeking a permanent injunction restraining Dorholt from obstructing the way and interfering with the general public's use. The trial court determined the north half was publicly dedicated by user and issued the permanent injunction. Dorholt's motion for amended findings was denied.

## ISSUE

Did the trial court err by finding public dedication of a road pursuant to Minn.Stat. § 160.05, subd. 1 (1988)?

## ANALYSIS

The trial court's determination of public dedication is one of fact and will not be reversed unless it is clearly erroneous. *Wojahn v. Johnson*, 297 N.W.2d 298, 307 (Minn.1980). A road may be dedicated to the public by user, statutory dedication, or by common-law dedication. *Bengtson v. Village of Marine on St. Croix*, 310 Minn. 508, 509, 246 N.W.2d 582, 584 (1976) (per curiam).

The trial court determined the north half became a public road by continuing use. Minn.Stat. § 160.05, subd. 1 (1988) (road deemed dedicated to public when "used and kept in repair and worked for at least six years continuously as a public highway by a road authority"). Under the statute, dedication requires public use over a six year period, together with maintenance of the road during this period as a public highway at government expense. *Shinneman v. Arago Township*, 288 N.W.2d 239, 242 (Minn.1980).

Public use is established if the road was open to any member of the public. *Anderson v. Birkeland*, 229 Minn. 77, 82, 38 N.W.2d 215, 219 (1949). Dorholt concedes the road has been used for more than six years by adjoining property owners as an access route and by the public for various activities, including logging, haying, hunting, and picnicking.

Dorholt disputes the road has been maintained as a public highway by Wahnena Township for six continuous years. He claims Wahnena only expended money for

maintenance of the north half mile of the road in 1977. He alleges that any additional maintenance of the north half was performed by commercial loggers, the Blandin Paper Co., and other individuals at private expense. A former town treasurer testified no town money was expended on the north portion during her tenure from the late 1930's to 1964. She also testified, however, that all town roads were minimum maintenance roads and that money was spent only where road work and repair were needed the most.

Wahnena presented evidence the town board expended money to maintain, inspect, and supervise the north half to the extent necessary for a minimum maintenance road. The town board ordered commercial loggers to repair damages to this part of the road caused by use during spring breakup and to restore the road to a passable condition. There is evidence Wahnena officials made annual inspections to ensure compliance with its orders.

Wahnena's town clerk submitted town board meeting minutes referring to discussions concerning maintenance of the road, including orders for graveling, installation of electric lines, ditching and crowning, grading, pothole filling, and snowplowing. She also supplied cancelled checks corresponding to some orders. The people who performed the work also testified on Wahnena's behalf.

On this evidence, the trial court found the north half had received maintenance at Wahnena's expense or direction to an extent necessary for a minimum maintenance road for a period of time exceeding six years. In addition, the court determined that Wahnena exercised authority over commercial use of the road whenever necessary to prevent undue damage.

Much of Wahnena's documentation is generalized and incomplete. However, unlike *Ravenna Township v. Grunseth*, 314 N.W.2d 214, 218 (Minn.1981), the evidence indicates township expenditures related directly to road maintenance, supervision, and inspection. Further, commercial users repaired the road pursuant to town board orders. Most critically, we observe that the maintenance element does not require working every portion of the road, nor giving attention to any part during each of six years. *Anderson*, 229 Minn. at 81, 38 N.W.2d at 218. The maintenance need only be of a quality and character appropriate to an already existing public road. *Shinneman*, 288 N.W.2d at 242.

We defer to the trial court's opportunity to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01. Despite the general nature of Wahnena's evidence, we affirm the trial court's determination. We acknowledge that town boards must be advised to maintain particularized documentation on road maintenance.

## DECISION

The trial court did not clearly err in determining that the north half of the road was publicly dedicated by statutory user. The denial of Dorholt's motion for amended findings was not reversible error.

Affirmed.