Michael BOLEN, et al., Respondents,

v.

Todd GLASS, Appellant,

City of Duluth, Respondent.

Nos. A06–1422, A06–1440.

Supreme Court of Minnesota.

Aug. 14, 2008.

Bradley J. Gunn, Malkerson, Gilliland & Martin, Minneapolis, MN, for appellant.

Stephanie Ann Ball, Fryberger, Buchanan, Smith & Frederick, Duluth, MN, for respondent.

M. Alison Lutterman, Deputy City Attorney, Duluth, MN, for respondent.

---

## OPINION

ANDERSON, G. BARRY, Justice.

Appellant Todd Glass, pursuant to a permit issued by the City of Duluth, added gravel to a platted but undeveloped street adjoining his property. The gravel extended onto parts of the street where his neighbors, respondents Michael and Deborah Bolen and Joseph Zajac, own the underlying fee. The Bolens brought an action against Glass, alleging trespass and seeking declaratory and injunctive relief. The district court added Zajac as a plaintiff and ruled against Glass, ordering him to restore the street to its prior condition. The court of appeals affirmed the district court but modified the judgment to require Glass to restore only those parts of the street where he is not the underlying fee holder. We reverse.

Michael and Deborah Bolen, Joseph Zajac, and Todd Glass own lots adjoining 40th Street in the Park Point neighborhood of Duluth. In 1902, the Duluth Common Council accepted a plat of the Oatka Beach Addition that identified 40th Street as Interlachen Street. The plat states that the owners of the property "dedicate to the public use the streets and avenues herein shown." The Oatka Beach Addition plat indicates that Interlachen Street runs northeast-southwest between Lake Avenue and Minnesota Avenue.[1] Lake Avenue runs along Lake Superior, and Minnesota Avenue runs along Superior Bay.

40th Street, which separates Blocks 1 and 2 of the Oatka Beach Addition, is 30 feet wide, two lots long, and slopes upward away from Minnesota Avenue. A street sign designates the intersection of 40th Street and Minnesota Avenue, but the City does not maintain any part of 40th Street. Former Duluth city engineer Michael Metso testified at trial that 40th Street is "a public right-of-way that we likely would not develop as a public street." Likewise, the district court found that "the City of Duluth ... has never ... taken steps to develop the platted 40th Street [c]orridor easement as a public street or thoroughfare."

Michael and Deborah Bolen own Lots 11 and 24 of Block 1; the lots form 40th Street's northwestern border. Lot 11 is on the Lake Superior side of the block, and Lot 24 is on the Minnesota Avenue side. Joseph Zajac owns Lot 15 of Block 2; the lot adjoins Minnesota Avenue and the southeastern border of 40th Street. Zajac uses 40th Street to access his garage, which stands on the northern corner of Lot 15 and extends slightly onto 40th Street. Todd Glass owns an L-shaped parcel in Block 2 consisting of Lots 1, 2, and 16. Lot 1 adjoins the southeastern border of 40th Street between Lot 15 and Lake Superior. Lot 2 is directly southeast of Lot 1 along Lake Superior, and Lot 16 is between Minnesota Avenue and Lot 2. A small white house formerly stood on Lot 1, but it was torn down before Glass purchased the property in 1998. Glass's

---

1. The record suggests that Lake Avenue is an undeveloped street.

house and garage are located on Lots 2 and 16, respectively.[2]

The Bolens and Zajac have sought to maintain exclusive use of the part of 40th Street between Lots 24 and 15. On November 3, 2003, they entered into a property agreement memorializing their understanding of their rights regarding 40th Street. The agreement (1) recited that the parties were the fee owners to the centerline of the parts of 40th Street adjoining their properties, subject to the right of the City to develop the street; (2) stated that the agreement was recorded to give notice of the parties' withdrawal of permission for anyone else to use 40th Street; and (3) prohibited either party from giving anyone permission to use 40th Street without the prior consent of both parties. Additionally, Zajac installed a short fence across 40th Street, toward the rear of Lots 24 and 15, with the consent of Michael Bolen. Michael Bolen testified that he and Zajac entered into the property agreement and installed the fence "because it had become clear to us that Mr. Glass, by his actions and his statements, wanted to use the 40th Street easement as a driveway."

In February 2005, Glass applied to the City of Duluth for a building permit to construct a new garage where the small white house once stood on Lot 1. Glass planned to remodel his home and intended to access it via 40th Street. Michael Metso testified that a series of discussions, reviews, meetings, and site visits ensued, and Glass testified that his contractor informed him that the City had rejected his application because there was inadequate legal access to his property. In the spring of 2005, Glass applied for a private improvement permit authorizing him to add

gravel to 40th Street. Metso subsequently informed Glass that the "consensus of all involved" in reviewing Glass's building permit application and private improvement application was that Glass had the right to use 40th Street to access his property and that he would be permitted to make specific improvements so that he could use 40th Street.

On June 14, 2005, the City of Duluth Engineering Division issued a permit for the construction of "private improvements within the platted right-of-way of 40th St[reet] South to provide access to the driveway to Lot 1." Glass cut down the fence that Zajac had installed across 40th Street, and, on June 16, a contractor hired by Glass deposited and spread gravel on 40th Street. Michael Bolen testified that the gravel spread on 40th Street extends approximately 20 feet onto parts of the street where he and Zajac own the underlying fee. Bolen also testified that 40th Street now looks like an actual street and that the "fairly abrupt drop" of 40th Street was "smoothed out by the addition of [the] gravel." Likewise, Zajac testified that 40th Street now "looks like it could be public access to the lake or a public access to a boat ramp."

On June 16, 2005, the same day that the gravel was spread on 40th Street, the Bolens sued Glass in St. Louis County District Court, alleging trespass and seeking declaratory and injunctive relief. The Bolens also appeared before the district court that day, seeking a temporary restraining order enjoining Glass from constructing the driveway. The court granted the Bolens' request for a restraining order and directed them to amend their complaint to

---

**2.** A map of the parties' lots is reproduced in the appendix accompanying this opinion. The map, which was introduced as an exhibit at trial, is provided for illustrative purposes only.

add the City of Duluth as a party to the action.

Following a bench trial, the district court ruled in favor of the Bolens and Zajac,[3] concluding that the City had "exceeded its powers and ... attempted to overlay a public easement with a private easement." The court stated that "Glass cannot, by grant from a public authority, acquire rights in a dedicated public easement in derogation of the public's ultimate easement rights or which burdens the adjoining servient estates in excess of the burden imposed by the plat dedication." The court ordered that Glass and the City be permanently enjoined from developing 40th Street "except by proper legislative enactment and subsequent development of a public thoroughfare" and that Glass "fully restore the property to its prior condition" within 45 days.

The district court entered judgment in favor of the Bolens, and Glass and the City of Duluth appealed. After granting the City's motion to consolidate the appeals, the court of appeals affirmed the district court but modified the judgment to provide that Glass be required to restore only those parts of 40th Street where he is not the underlying fee holder. *Bolen v. Glass*, 737 N.W.2d 856, 868 (Minn.App.2007). We granted Glass's petition for review.

## I.

■ The first issue we address is whether the City of Duluth had the authority to issue a permit providing for the construction of private improvements on 40th Street. Minnesota Statutes § 505.01, subd. 1 (Supp.2007), provides as follows: "Land donated for any public use in any municipality shall be held in the corporate

name in trust for the purposes set forth or intended. A street, road, alley, trail, and other public way dedicated or donated on a plat shall convey an easement only." Construing a prior version of Minn.Stat. § 505.01, we stated that "the legal effect of a plat dedication is a conveyance in trust to the municipality of a terminable easement only, in any area designated in the plat for public use, and the fee title thereto remains in the dedicator, subject to the easement." *Etzler v. Mondale*, 266 Minn. 353, 363–64, 123 N.W.2d 603, 610 (1963). Because the Oatka Beach Addition plat states that the designated streets are "dedicate[d] to the public use," a public easement over 40th Street was created upon the Duluth Common Councils acceptance of the plat in 1902.

As to the ownership of the underlying fee interest, we have recognized "that any abutting landowner owns to the middle of the platted street or alley and that the soil and its appurtenances, within the limits of such street or alley, belong to the owner in fee, subject only to the right of the public to use or remove the same for the purpose of improvement." *Kochevar v. City of Gilbert*, 273 Minn. 274, 276, 141 N.W.2d 24, 26 (1966); *see also Kooreny v. Dampier–Baird Mortuary, Inc.*, 207 Minn. 367, 370, 291 N.W. 611, 612 (1940) (stating that the abutting "landowner's fee extends to the center of the street or highway, subject only to the public easement"). We have also explained that "when a street is dedicated by plat, a city may choose its own time to occupy, open, and use the street." *Vill. of Medford v. Wilson*, 304 Minn. 250, 252, 230 N.W.2d 458, 459 (1975).

■ "The general rule is that, in matters of municipal concern, home rule cities

---

**3.** The Bolens had moved the district court for an order adding Zajac as a plaintiff in the case. The court found that Zajac "is a vital, indispensable party herein" and ordered that

he "be named as a plaintiff." The court's order that Zajac be added as a plaintiff is not challenged here.

have all the legislative power possessed by the legislature of the state, save as such power is expressly or impliedly withheld." *State v. City of Crookston,* 252 Minn. 526, 528, 91 N.W.2d 81, 83 (1958). The Duluth City Charter grants the City "all powers, functions, rights and privileges usually exercised by, or which are incidental to, or inhere in, municipal corporations of like power and degree" and "all municipal power, functions, rights, privileges and immunities of every name and nature whatsoever." Duluth, Minn., City Charter, ch. I, § 1. The charter also states that "[t]he council may by ordinance permit abutting owners to make use of portions of public highways not physically being used or occupied by the public upon such terms and conditions and by such procedure as the council, in each such ordinance, may provide." *Id.,* ch. XIII, § 100(d).

Duluth Ordinance No. 7055, § 1, provides as follows:

> In addition to other authority possessed by the city engineer, there is hereby conferred upon the city engineer the authority to issue special permits to private parties to make local improvements in, upon or under the public highways and public grounds of the city, as such local improvements are defined and authorized by Chapter IX of the City Charter....

Duluth, Minn., Legis. Code, § 45–84 (1959). "Ordinances ... are presumed to be valid, and are not to be set aside by the courts unless their invalidity is clear." *State v. Taubert,* 126 Minn. 371, 372, 148 N.W. 281, 282 (1914).

■ The adoption of Ordinance No. 7055, § 1, was within the City of Duluth's authority as set forth in the Duluth City Charter. The City's issuance of the private improvement permit, in turn, was authorized by the ordinance, which applies to all "public highways and public grounds."

Duluth, Minn., Legis. Code, § 45–84. Minnesota law is clear that the public has a property interest in platted streets that are undeveloped. Minn.Stat. § 505.01, subd. 1; *Etzler,* 266 Minn. at 363–64, 123 N.W.2d at 610; *see also St. Paul & Duluth R.R. Co. v. City of Duluth,* 73 Minn. 270, 275, 76 N.W. 35, 35 (1898) (stating that persons in possession of unopened platted streets "will, until the time arrives when such streets are required for actual public use, be presumed to hold subject to the permanent right of the public"). Based on this property interest, we conclude that platted but undeveloped streets constitute "public highways" or "public grounds" under the Duluth City Charter. Accordingly, we hold that the City of Duluth had the authority to issue a permit providing for the construction of private improvements on 40th Street.

## II.

■ Having determined that the City of Duluth had the authority to issue a permit providing for the construction of private improvements on 40th Street, we next address whether Glass has the right to use 40th Street. It is a well-established rule of law in Minnesota "that one purchasing a lot within a plat may rely upon the dedication of streets and alleys shown therein, and possesses the right to use the same." *Etzler,* 266 Minn. at 364, 123 N.W.2d at 611; *accord Bryant v. Gustafson,* 230 Minn. 1, 8, 40 N.W.2d 427, 432 (1950). Indeed, "[e]ach purchaser of a lot is entitled to the benefit of the plat as it appears when he purchases it. If there are public streets, they inure to his benefit." *Gilbert v. Emerson,* 60 Minn. 62, 66, 61 N.W. 820, 822 (1895). Because 40th Street appears on the Oatka Beach Addition plat, any purchaser of a lot within the plat is entitled to use the streets designat-

ed on the plat. We hold, therefore, that Glass has the right to use 40th Street as an owner of a lot within the Oatka Beach Addition plat.[4]

Because the City of Duluth had the authority to issue a permit providing for the construction of private improvements on 40th Street and Glass is entitled to use 40th Street as an owner of a lot within the Oatka Beach Addition plat, we reverse the decision of the court of appeals.

Reversed.

MAGNUSON, C.J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

4. The parties raise a variety of other issues in this appeal, including whether 40th Street has been opened by public use, whether Glass is entitled to access his property via 40th Street because he is an adjoining landowner, and whether the general public is entitled to use 40th Street. We need not reach these issues in light of our resolution of the case on the grounds set forth above.

APPENDIX

Exhibit 1

Not to Scale

North

Key

☐ Bolen Property

☐ Zajac Property

☐ Defendant's Property

☒ Gravel Driveway Hidden by Defendant with Sod

☐ Gravel Driveway Added by Defendant to Give Appearance of Continuous Use to 40th Street

☐ Zajac's Driveway