# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0372

In re Resolution Denying Stoick Creek, LLC's Application for a Second Driveway.

**Filed December 18, 2023**
**Reversed and remanded; motions denied**
**Johnson, Judge**

Wells Township
Resolution No. 2023-1

Mary L. Hahn, Hvistendahl, Moersch, Dorsey & Hahn, P.A., Northfield, Minnesota (for relator Stoick Creek, LLC)

Jessica E. Schwie, Joshua P. Devaney, Samantha C. Zuehlke, Kennedy & Graven, Chartered, Minneapolis, Minnesota (for respondent Wells Township)

Considered and decided by Cochran, Presiding Judge; Johnson, Judge; and Hooten, Judge.[*]

## SYLLABUS

The town board of supervisors erred by denying a property owner's application for direct private access to a public road because the town board's reasons for its decision are not within the regulatory purposes specified in Minnesota Statutes section 160.18, subdivision 3 (2022), which gives property owners a right of direct private access to an abutting public highway, subject to reasonable regulation as necessary to achieve certain regulatory purposes, or are not supported by evidence in the record.

---

[*]Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**OPINION**

**JOHNSON**, Judge

A property owner applied for a permit to build an entrance to its property from a public road that abuts the property. The town board of supervisors denied the application. We conclude that the town board's decision is inconsistent with the property owner's statutory right of direct private access to the public road because the town board's reasons for its decision are either not within the regulatory purposes specified in the applicable statute or not supported by evidence in the record. Therefore, we reverse and remand to the town board with instructions to grant the application.

**FACTS**

Stoick Creek LLC is owned and managed by Roger Stoick. In October 2020, Stoick Creek purchased a 74-acre property in Wells Township in Rice County. At the time of the purchase, 44 acres of the property were tillable, and approximately 17 acres were wooded. The previous owners had entered into a long-term conservation contract, at Roger Stoick's request. He intends to plant natural grasses and other native plant species on the portion of the property that had been tilled.

Generally, the property is bounded on the north by county highway 38 (also known as Cedar Lake Boulevard), on the east by a residential development, on the south by Wells Lake, and on the west by a farm. An aerial photograph of the property, which is part of the record, is appended to this opinion.

Stoick Creek's property presently has direct access to county highway 38 on its northern boundary. Roger Stoick would like to also have direct access to a public road

known as Wells Lake Court, which terminates at the eastern boundary of Stoick Creek's property. He wishes to erect a storage building near the terminus of Wells Lake Court to store equipment and supplies for his contemplated conservation and habitat-enhancement projects, and he wishes to use Wells Lake Court to go to and from the proposed storage building.

Stoick Creek twice has applied to Wells Township for a permit to connect its property with Wells Lake Court. The town denied both applications.

Stoick Creek submitted its first application in December 2020. The town board of supervisors considered the application at three meetings in December 2020, January 2021, and February 2021. At the third meeting, the town board decided to deny the application. The meeting minutes state, "The board didn't want a field driveway off this residential street when there was already access of from [sic] a county road."

In May 2021, Stoick Creek challenged the town's denial of the first application by commencing an action in district court. The town moved to dismiss the action for lack of subject-matter jurisdiction. In September 2021, the action was dismissed by a stipulation of the parties.

After the dismissal of that case, the town took two actions relevant to Stoick Creek. In April 2022, the town adopted a new ordinance, which provides, in pertinent part, "Only one driveway access or field approach shall be allowed without the permission of the town board." Also, on some date in 2022, the town placed concrete barriers on Stoick Creek's eastern boundary at the terminus of Wells Lake Court.

3

Stoick Creek submitted its second application for access to Wells Lake Court in December 2022. The town board considered the application at four meetings. At a January 2023 meeting, the town board denied the application by approving a three-page resolution, which states five reasons for its decision.

First, the town board determined that Stoick Creek had not shown good cause for a second entrance to its property and that its property, including the location of the proposed storage building, is "equally accessible" from either the existing entrance on county highway 38 or Wells Lake Court. Second, the town board determined that Wells Lake Court was created by subdivision plats, that Stoick Creek's property is not within the platted subdivisions, that the plat-dedicated road "does not inure to the benefit of" Stoick Creek's property, and, thus, that Stoick Creek "does not have a right of access to Wells Lake Court." Third, the town board determined that Wells Lake Court is part of a "subordinate service district" (SSD), see Minn. Stat. §§ 365A.01-.10 (2022), which pays for the maintenance of Wells Lake Court, that Stoick Creek's property is not located within the SSD, and that allowing Stoick Creek to have access to Wells Lake Court would impose a burden on the members of the SSD. Fourth, the town board determined that Stoick Creek's proposed use of its property, which the board deemed agricultural in nature, is incompatible with the character of Wells Lake Court, a residential street. Fifth, the town board determined that Stoick Creek's requested access "could cause liability, drainage, and maintenance problems for the township, including but not limited to problems with snow storage within the Wells Lake Court right of way."

Stoick Creek appeals by way of a writ of certiorari.

4

**ISSUE**

Is the town board of supervisors' decision to deny Stoick Creek's second application for a permit to build an entrance to its property from Wells Lake Court arbitrary, oppressive, unreasonable, made under an erroneous theory of law, or without any evidence to support it?

**ANALYSIS**

Stoick Creek argues that the town board erred by denying its second application for access to Wells Lake Court.

On judicial review by writ of certiorari appeal of a quasi-judicial decision of a local government, this court's review is limited to determining whether the decision is "arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it." *Dietz v. Dodge County*, 487 N.W.2d 237, 239 (Minn. 1992) (quotation omitted); *see also Reetz v. City of St. Paul*, 956 N.W.2d 238, 244 (Minn. 2021). We "will uphold the decision if the lower tribunal furnished any legal and substantial basis for the action taken." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 303 (Minn. App. 2007) (quotation omitted).

**A.**

Stoick Creek argues that it has a right of access from its property to Wells Lake Court based on the following statute:

> The owner or occupant of property abutting upon a public highway, having a right of direct private access thereto, may provide such other or additional means of ingress from and egress to the highway as will facilitate the efficient use of the property for a particular lawful purpose, subject to

5

reasonable regulation by and permit from the road authority as is necessary to prevent interference with the construction, maintenance and safe use of the highway and its appurtenances and the public use thereof.

Minn. Stat. § 160.18, subd. 3 (2022); *see also C & R Stacy, LLC v. County of Chisago*, 742 N.W.2d 447, 454-55 (Minn. App. 2007) (concluding that statute authorized county's regulation of access to public highway).[1]

The town does not respond directly to Stoick Creek's arguments based on section 160.18, subdivision 3. The town asserts generally that a property owner's access to a public road "may be granted or denied at the leisure and discretion of the town." It is true that section 160.18, subdivision 3, authorizes regulation of a property owner's right of direct private access to a public highway, *see C & R Stacy*, 742 N.W.2d at 454-55, but not to the extent suggested by the town. The statute expressly provides that a property owner's right of direct private access to a public highway is "subject to reasonable regulation by and permit from the road authority as is necessary to prevent interference with the construction,

_____

[1]The term "public highway" is not expressly defined in chapter 160. *See* Minn. Stat. § 160.02 (2022). Similarly, the words "highway" and "road" are not expressly defined individually. *See id.* A definitional provision states that each word—"highway" and "road"—includes "the several kinds of highways as defined in this section." *Id.*, subd. 26. A town road is a public highway "if it has been dedicated to public use." *See* Minn. Stat. § 160.05, subd. 1 (2022); *Town of Wahnena v. Dorholt*, 465 N.W.2d 435, 436-37 (Minn. App. 1991); *see also Carlson v. Elmo Twp.*, 169 N.W. 805, 806-07 (Minn. 1918); *Klenk v. Town of Walnut Lake*, 53 N.W. 703, 703-04 (Minn. 1892). It appears from the record that the westernmost part of Wells Lake Court was dedicated as a public road in 1985, when the surrounding residential subdivision was platted. *See In re Maintenance of Road Access Shown on Plat of Suburban Estates*, 250 N.W.2d 827, 830-31 (Minn. 1977). The town does not argue that Wells Lake Court has *not* been dedicated to public use. Indeed, the town conceded at oral argument that section 160.18, subdivision 3, applies to Stoick Creek's application. Thus, we are satisfied that Wells Lake Court is a "public highway" for purposes of section 160.18, subdivision 3.

maintenance and safe use of the highway and its appurtenances and the public use thereof."
Minn. Stat. § 160.18, subd. 3.

**B.**

Stoick Creek challenges each of the town board's five reasons for denying its application. We consider each argument in turn.

**1.**

Stoick Creek first argues that the town board erred by denying its application on the ground that Stoick Creek has existing access to county highway 38 on the property's northern boundary and that the location of the proposed storage building is "equally accessible" from the property's existing access point. The relevant paragraphs of the town board's resolution state as follows:

> The Township has a prescribed standard for second driveways that it applies as found in the Driveway Ordinance. The "Driveway Ordinance" at Section 4A states in pertinent part that "Only one driveway access or field approach to the property shall be allowed without the permission of the Town Board." This Ordinance was adopted to provide better access management onto township roads in order to reduce crashes and crash potentials, improve access to properties, provide appropriate drainage, and maintain travel efficiency. Since the adoption of the Driveway Ordinance, the Township has not granted any property owner a second driveway.

> Stoick Creek has not shown good cause for a second driveway as it already has sufficient access to its Property by way of Cedar Lake Boulevard, running along the northern boundary of the Property. Access to Wells Lake Court will not benefit Stoick Creek's Property.

Stoick Creek challenges the town board's rationale in three ways. Stoick Creek argues that the 2022 driveway ordinance, on which the town board relied, was not enacted

7

in a valid manner; that the 2022 driveway ordinance does not apply to its second application, which sought neither a "driveway" nor a "field approach," as those terms are defined in the 2022 driveway ordinance;[2] and that its existing access to county highway 38 does not preclude it from obtaining additional access to a different public road, Wells Lake Court.

We will focus on the third part of Stoick Creek's argument. As stated above, the town's brief does not respond to this contention. When asked at oral argument why the statute does not give Stoick Creek a right of access to Wells Lake Court, the town reiterated that Stoick Creek already has one entrance on county highway 38 and that a second entrance is unnecessary.

The town's position reflects the policy implicit in its 2022 driveway ordinance, which purports to limit a property owner to "[o]nly one driveway access or field approach." But the town's position does not account for Stoick Creek's statutory rights. The plain language of section 160.18, subdivision 3, indicates that a property owner's right of direct private access to a public highway is not limited to only one access point. The statute states that a property owner may have "*such other or additional means* of ingress from and egress to the highway as will facilitate the efficient use of the property for a particular lawful purpose." Minn. Stat. § 160.18, subd. 3 (emphasis added). The town does not contend that

---

[2]The ordinance defines the word "driveway" to mean "a road or path giving access from a township road, private road or cartway to one or more dwelling units or commercial buildings located or to be constructed on adjacent lands." The ordinance defines the term "field approach" to mean "a path or access route from a public road to an adjacent field or pasture."

the sought-after additional access to Wells Lake Court would not facilitate Stoick Creek's efficient use of the property or that its proposed purpose is unlawful. The town's primary rationale for its denial of Stoick Creek's application is inconsistent with Stoick Creek's statutory rights, which are not limited to one entrance to its property.

The town board also stated that Stoick Creek's property, including the location of its proposed storage building, is "equally accessible" from either county highway 38 or Wells Lake Court. That statement is contrary to the record. Stoick Creek's application plainly states that the proposed storage building would be "near the site of the requested access." The application includes two aerial photographs, one of which has a superimposed drawing showing the location of the proposed building. The aerial photographs show that the distance between the proposed storage building and the existing northern entrance on county highway 38 would be approximately 10 times the distance between the proposed storage building and the proposed entrance on Wells Lake Court.

Thus, the town board's first reason for denying Stoick Creek's application, that Stoick Creek has existing access to county highway 38 on the property's northern boundary and that its proposed storage building is equally accessible from county highway 38, is based on an erroneous theory of law and is without supporting evidence. In light of that conclusion, we need not consider or resolve Stoick Creek's argument that the 2022 driveway ordinance was not validly enacted or its argument that the ordinance does not apply.

9

**2.**

Stoick Creek also argues that the town board erred by denying its application on the ground that Stoick Creek's property is not within the platted subdivisions that created Wells Lake Court.

Stoick Creek contends that it is free to use Wells Lake Court because it is a public road that was dedicated to public use in 1985. In its responsive brief, the town argues that Stoick Creek "does not have any right of access to Wells Lake Court, a plat-dedicated road, because the road inures to the benefit of the owners of the adjacent, platted property." In support of this argument, the town cites *Bolen v. Glass*, 755 N.W.2d 1 (Minn. 2008), and *Gilbert v. Emerson*, 61 N.W. 820 (Minn. 1895). The town quotes portions of those opinions in which the supreme court stated that "[e]ach purchaser of a lot [in a subdivision] is entitled to the benefit of the plat as it appears when he purchases it" and that "public streets . . . inure to his benefit," *Gilbert*, 61 N.W. at 822, and that a purchaser of a subdivision lot "may rely upon the dedication of streets and alleys shown therein, and possesses the right to use the same," *Bolen*, 755 N.W.2d at 5. From these statements, the town purports to extract a rule, by negative implication, that persons *other than* the owners of platted subdivision lots do *not* have a right to use streets created by the subdivision plats such that subdivision-lot owners have an *exclusive* right to use such streets. That principle cannot reasonably be derived from *Gilbert* and *Bolen*, which concerned disputes among persons claiming an interest under a plat, not between persons owning platted property and members of the general public. *See Gilbert*, 61 N.W. at 820-21; *Bolen*, 755 N.W. 2d at

10

2-4. Indeed, at oral argument, the town conceded that Wells Lake Court may be used by persons other than the residents of the platted subdivision lots.

Thus, the town board's second reason for denying Stoick Creek's application, that Stoick Creek's property is not within the platted subdivisions that created Wells Lake Court, is based on an erroneous theory of law.

**3.**

Stoick Creek next argues that the town board erred by denying its application on the ground that Wells Lake Court is part of an SSD that pays for the maintenance of the road and that allowing Stoick Creek to have direct access to Wells Lake Court would impose a burden on the SSD and its members. Specifically, Stoick Creek argues that the SSD was created in 2000 for the limited purpose of paving Wells Lake Court, which has been completed, and that Stoick Creek has expressed its willingness to contribute financially to the maintenance of Wells Lake Court.

In response, the town first argues that granting Stoick Creek's application would require the SSD to subsidize Stoick Creek's use of Wells Lake Court. We note that the applicable town policy does not specifically assign the costs of "maintenance" to the SSD; rather, the SSD is solely responsible for "upgrading" and "construction costs." In addition, the record reflects that, on at least one occasion, the town has shared financial responsibility with the SSD for the expenses of repairing Wells Lake Court.

In any event, Stoick Creek has a right to use Wells Lake Court, a public road and highway. In addition, Stoick Creek has a statutory right of direct private access to a public highway, which is subject only to reasonable regulation for certain purposes. *See* Minn.

11

Stat. § 160.18, subd. 3. The town's 2022 driveway ordinance does not contain any provision purporting to limit access to a public road or highway in an SSD to the owners of properties within such a district. The town board's decision to deny Stoick Creek's second application on that basis is not within the statute's regulatory purposes because the absence of a financial contribution does not constitute "interference" with the maintenance of a public road or highway or the public use of such a road or highway.

Thus, the town board's third reason for denying Stoick Creek's application, that Stoick Creek's property is not within the SSD relating to Wells Lake Court, is based on an erroneous theory of law.

**4.**

Stoick Creek argues further that the town board erred by denying its application on the ground that its proposed use of its property is incompatible with the residential nature of Wells Lake Court. In response, the town argues that Stoick Creek's property has been farmed in the past and that Stoick Creek intends to store a tractor in its proposed storage building.

We question whether the record supports the town board's description of Stoick Creek's request as "a field approach" to an "agricultural property." Stoick Creek's second application expressly stated that it was *not* seeking "field access." In an attachment to the application form, Stoick Creek explained that the proposed storage building would be used "primarily for storage of equipment and supplies for applicant's conservation and habitat-enhancement projects" and that the proposed entrance is "intended for the use of private,

12

licensed vehicles and not for agriculture equipment." There is no reference to a tractor in Stoick Creek's second application.

In any event, the town's argument again does not account for Stoick Creek's statutory right of direct private access to a public highway, subject only to reasonable regulation for certain purposes. *See* Minn. Stat. § 160.18, subd. 3. The statutory right asserted by Stoick Creek does not depend on the nature of the property for which access is sought, and the town's rationale is not related to any particular regulatory purpose specified in the statute.

Thus, the town board's fourth reason for denying Stoick Creek's application, that Stoick Creek's proposed use of its property is incompatible with the residential nature of Wells Lake Court, is based on an erroneous theory of law.

**5.**

Stoick Creek last argues that the town board erred by denying its application on the ground that Stoick Creek's requested access, "if granted, could cause liability, drainage, and maintenance problems for the township, including but not limited to problems with snow storage within the Wells Lake Court right of way." Specifically, Stoick Creek argues that "[t]here was no evidence before the township which would suggest drainage or concerns with snow storage" and that the town never communicated any such concerns to Stoick Creek. Stoick Creek notes that the Wells Lake Court right-of-way abuts, at an angle, approximately 109 feet of its eastern boundary and that only 30 feet is needed for the requested entrance at the terminus of Wells Lake Court. Stoick Creek asserts that there is plenty of space at the boundary for the storage of snow.

13

In response, the town does not cite to any evidence in the record but, rather, asks this court to take judicial notice of the existence of snow in Minnesota and, in addition, "the liability exposure resulting from road maintenance and use" resulting from the existence of snow on Wells Lake Court. We construe the town's response as a concession that there is no evidence in the record of potential "liability, drainage, and maintenance problems" associated with Stoick Creek's proposed access to Wells Lake Court. This court is authorized to take judicial notice of adjudicative facts but generally does not do so with respect to facts not contained in public records. *See Eagan Econ. Development Auth. v. U-Haul Co.*, 787 N.W.2d 523, 530 (Minn. 2010); *In re Block*, 727 N.W.2d 166, 176-77 (Minn. App. 2007); *cf. King v. King*, 368 N.W.2d 317, 319 (Minn. App. 1985). It is true that snow is common in Minnesota in winter, but that fact alone does not justify taking judicial notice that the construction of an entrance on Wells Lake Court would give rise to "liability, drainage, and maintenance problems," which is not a fact that is "not subject to reasonable dispute" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Minn. R. Evid. 201(b). In addition, the town does not attempt to argue that the town board's fifth rationale is within the regulatory purposes specified in the statute.

Thus, the town board's fifth reason for denying Stoick Creek's application, that Stoick Creek's requested access might cause liability, drainage, or maintenance problems, is based on an erroneous theory of law and is without supporting evidence.

14

## C.

In sum, none of the town's reasons for denying Stoick Creek's second application for access to Wells Lake Court are legally and factually sufficient to justify the denial of the application. That conclusion makes it necessary for the court to determine the appropriate appellate remedy. Stoick Creek requests that the court vacate the town board's decision and remand the matter to the town board with a directive to grant the application. The town has not made an alternative argument concerning an appropriate remedy.

Each of the town board's reasons for denying Stoick Creek's application is based on an erroneous theory of law. Those errors are unlikely to be remedied upon a new determination. We also have determined that two of the town board's reasons are not supported by evidence. As a general rule, in a certiorari appeal, if a governmental body's quasi-judicial decision is not supported by the record of proceedings, the appropriate relief is reversal and remand to the governmental body with instructions to grant the relief sought. *See, e.g.*, *Krummenacher v. City of Minnetonka*, 783 N.W.2d 721, 732-33 (Minn. 2010); *In re Stadsvold*, 754 N.W.2d 323, 332-33 (Minn. 2008); *In re Livingood*, 594 N.W.2d 889, 895 (Minn. 1999).

The supreme court has recognized two exceptions to the general rule in which a broader remand may be appropriate. The first is reflected in *White Bear Rod & Gun Club v. City of Hugo*, 388 N.W.2d 739 (Minn. 1986), in which the supreme court reversed and remanded to the city council because its decision "lack[ed] any findings of fact or other explanation of its decision adequate for any judicial review." *Id*. at 742. The second exception to the general rule is reflected in *Earthburners, Inc. v. County of Carlton*, 513

N.W.2d 460 (Minn. 1994), and *Interstate Power Co. v. Nobles County Board of Commissioners*, 617 N.W.2d 566 (Minn. 2000). In *Earthburners*, the supreme court reversed and remanded to the county board for further development of a factual record because the county board's decision was premature. 513 N.W.2d at 463. In *Interstate Power*, the supreme court made clear that a so-called *Earthburners* remand is appropriate only "in the rare case when . . . the record of a zoning decision is so inadequate that judicial review is impossible." *Interstate Power*, 617 N.W.2d at 577. The supreme court added, "We emphasize that *Earthburners* was not intended to provide local government units with a routinized opportunity for a second bite at the apple by neglecting to provide an adequate record for review." *Id*. at 577 n.6.

Neither of the two exceptions applies to this case. The first exception does not apply because the town board's three-page resolution is clear in its statement of reasons. The second exception does not apply because the town board discussed Stoick Creek's application at multiple meetings over two different periods of time and had ample opportunity to make a decision. Because neither of the two exceptions applies, we will apply the general rule by reversing and remanding with instructions to grant Stoick Creek's application.

**D.**

Before concluding, we must rule on three pending motions.

After the appeal was fully briefed, the town moved to supplement the record with an affidavit of publication of the town's 2022 driveway ordinance. Five days later, Stoick Creek moved to supplement the record with an article published by the Minnesota

16

Association of Townships and additional minutes of town board meetings "to the extent said minutes are not already in the record."

"Certiorari is, by its nature, a review based solely upon the record." *Amdahl v. County of Fillmore*, 258 N.W.2d 869, 874 (Minn. 1977). Supplementation is limited "to correction of the record so that it accurately reflects anything of material value that was omitted from the record by error or accident or is misstated in it." *Western World Ins. Co. v. Anothen, Inc.*, 391 N.W.2d 70, 72 (Minn. App. 1986). Neither party has clearly demonstrated that supplementation is necessary to ensure that the record before this court accurately reflects the record that was before the town board at the time of its decision. Thus, we deny the parties' motions to supplement the record.

In addition, Stoick Creek moved for leave to file a supplemental brief concerning the validity of the town's 2022 driveway ordinance. Stoick Creek has less need to submit supplemental briefing on that issue in light of our denial of the town's motion to supplement the record. More importantly, we have resolved Stoick Creek's appeal in its favor on grounds that make it unnecessary to resolve its challenge to the validity of the 2022 driveway ordinance. *See supra* part B.1. Thus, we deny Stoick Creek's motion for supplemental briefing.

## DECISION

The town erred by denying Stoick Creek's second application for access to Wells Lake Court. We reverse and remand to the town board with instructions to grant the application.

**Reversed and remanded; motions denied.**

17

**APPENDIX**



An aerial photograph with overlaid boundary lines and text, in the record at page 000123, depicting Stoick Creek's property, county highway 38, and Wells Lake Court.